106   417
135   390

L. L. BENJAMIN, Appellant, v. W. J. FLITTON and H. W. SQUIRES.

**Evidence: RELIANCE.** Evidence as to whether the holder of a note which was given in part payment of a piano sold by her would have accepted it if the indorser had not agreed to guarantee the payment thereof is inadmissible in an action upon the note, where the negotiations for the sale were conducted entirely by the husband of the holder of the note.

**Pleading: INSTRUCTIONS.** An instruction in an action on a promissory note that if an indorser agreed to waive demand and protest and guaranteed the note he could not set up his own default in failing to comply with his promise, is properly refused where the holder of the note did not plead waiver or estoppel.

**SAME.** An instruction in an action upon a promissory note that if the indorser authorized or consented to a waiver of demand and protest and guaranteed the note he is estopped from denying liability thereon, is properly refused where the plaintiff did not plead waiver or estoppel and did not rely upon an oral waiver of demand and protest, instead, declaring on a written waiver.

**NEW TRIAL.** A new trial on the ground of newly discovered evidence is properly refused where the witness who is to give such evidence was so connected with the transaction in regard to which he would testify that ordinary diligence would have suggested inquiries of him before the trial but no such inquiries were made, and no excuse is given for not making them.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

MONDAY, OCTOBER 17, 1898.

ACTION at law upon a promissory note made by W. J. Flitton to H. W. Squires, and by Squires indorsed to plaintiff. On the back of the note is the following indorsement and contract of guaranty: "For value received, I hereby guaranty payment of the within note, and waive demand and notice of protest on the same when due." "Pay to L. L. Benjamin. [Signed] H. W. Squires." Plaintiff seeks to

recover the amount of the note from Squires upon the contract of guaranty. Squires denies that he signed the guaranty, and alleges that all that part of it preceding the word "pay" was written upon the note without his assent or authority. On the issues thus joined the case was submitted to a jury, resulting in a verdict and judgment for defendant Squires, and plaintiff appeals.—*Affirmed.*

*A. F. & F. M. Haradon* for appellant.

*J. M. Parker* for appellees.

DEEMER, C. J.—It is conceded that that part of appellee's contract constituting the guaranty was made with a rubber stamp after he had signed an ordinary contract of indorsement; and the main contention in the case is whether or not it was placed thereon with authority. This was a question of fact, which was fairly submitted to the jury upon conflicting evidence, and with its findings we cannot interfere.

II. Appellant was asked whether or not she would have accepted the note, which was given in part payment of a piano sold by her to Squires, if he (Squires) had not agreed to guaranty the payment thereof. Objection to the question was sustained, and error is assigned upon the ruling. As the negotiations for the sale were conducted entirely by appellant's husband, the testimony was immaterial and irrelevant. The husband was a witness for plaintiff and testified to the terms of sale, and to the agreement of Squires to guaranty the note.

III. Plaintiff asked an instruction to the effect that, if Squires agreed to waive demand and protest, and guaranty the note, he then could not be heard to plead his own default in failing to comply with his promise, and the jury should find for plaintiff. This instruction was refused, and, we think, properly so, for the reason that appellant did not plead waiver or estoppel. The argument in support of the instruction proceeds upon the theory

that an indorser or guarantor may orally waive demand and notice of protest. If it be conceded that this is the law, still it does not aid appellant, for the reason that she declares upon a written waiver.

IV. Another instruction asked by appellant, to the effect that if Squires at any time authorized or consented to the contract, he would thereafter be estopped from denying liability thereon, was refused, and error is assigned upon this ruling. The ruling was correct. Plaintiff did not plead waiver or estoppel, nor did she rely upon an oral waiver of demand and protest. Moreover, the court instructed the jury, in the fourth paragraph of its charge, that if Squires agreed to guaranty the note in form substantially as now appears, that the contract was placed over his signature in compliance with this agreement, and that this indorsement was seen, known of, or assented to by Squires as part of the consideration of the original contract of sale, then they should find for plaintiff. This embodied the thought contained in the instruction which was refused, and the jury evidently found with defendant on the facts.

V. One of the grounds of the motion for a new trial was newly-discovered evidence. The greater part of this evidence was cumulative, and some of it was impeaching in character. A part of it did not belong to either class, and would have justified a new trial, had proper diligence been exercised to obtain it. The witness who it is said would deliver this evidence was so connected with the transactions of which it is claimed he would testify that ordinary diligence would have suggested inquiries be made of him before the trial, in order to discover what he knew of the case. No such inquiries were made, and no excuse is given for not making them. Inquiry seems to have been made the next day after the verdict was returned, and the discovery is said to have then been made. Exercise of the same amount of diligence before as after verdict would no doubt have led to knowledge of this evidence. Diligence to obtain evidence

should begin before the verdict is returned. Appellee has filed an amended abstract purporting to supply omissions in the original abstract. We do not find any such omission, and the cost of preparing the same will be taxed to appellee. Upon the filing of this abstract appellant secured an order for a transcript from one of the judges of this court. This transcript was also unnecessary, and the cost of procuring the same will also be taxed to the appellee.—AFFIRMED.