MARY DUNBAULD v. BENJAMIN THOMPSON, Appellant.

Physicians: DEGREE OF SKILL REQUIRED. The correct rule is that a physician and surgeon, when employed in his professional capacity, is required to exercise that degree of knowledge, skill, and care which physicians and surgeons practicing in similar localities ordinarily possess.

Sealed Verdict: POLLING JURY. Under Code, section 3724, which provides that when, by consent, the jury have been permitted to seal their verdict and separate before it is rendered, such sealing is equivalent to a rendition and recording thereof in open court, nor shall such jury be polled or permitted to disagree thereto unless such course has been agreed upon between the parties and entered on the record, where in such case no agreement has been made it is not error to refuse to permit a member of the jury, when a sealed verdict is returned into court to give an explanation of his assent thereto, or to permit the jury to be polled.

NEWLY DISCOVERED EVIDENCE. Where a defendant knew that a person had conversed with plaintiff regarding the matters in suit, and issued a subpœna for such person as a witness, which was not served, and he made no application for continuance on that ground, but proceeded to trial without objection the fact that he learned the purport of the conversation for the first time after verdict, and that it was material, does not entitle him to a new trial on the ground of newly discovered evidence.

Appeal: OBJECTION BELOW TO EVIDENCE. Where medical works were introduced and read in evidence by both parties without objection on the trial of a personal injury case, their admission cannot be assigned as error.

WATERMAN, J., taking no part.

*Appeal from Tama District Court.*—HON. OBED CASWELL, Judge.

MONDAY, OCTOBER 9, 1899.

PLAINTIFF states as her cause of action that a fly flew into her outer right ear, causing her annoyance, which she undertook to remove by putting oil into the ear. Still suffering slight annoyance, she employed the defendant, a

practicing physician and surgeon at Tama, Iowa, to treat her ear. She charges that he "carelessly, negligently, and unskillfully undertook to do so with a pair of tweezers or small forceps, without any illumination of said ear, and without etherizing said plaintiff, instead of using a syringe and warm water, or other proper means, for that purpose; that in thus using said tweezers or forceps said Thompson carelessly, negligently, and unskillfully ruptured the membrane constituting the drum of said ear, utterly destroying the hearing of plaintiff in said ear;" and that he carelessly, negligently, and unskillfully left said membrane without proper treatment, and in consequence plaintiff, without fault on her part, suffered great pain and anguish, which is liable to continue and to endanger her life; also that she incurred large expense in treatment of said ear,—to her damage five thousand dollars. The defendant answered, admitting that he was employed to and did treat the plaintiff's ear, but denies that he did so carelessly, negligently, or unskillfully, and avers that the condition of plaintiff's ear and the loss of the drum resulted wholly from the fact that her ear became inflamed, and an abcess was formed, which resulted in the rupture of the eardrum, and that this was the natural and necessary result of the inflamed condition of the ear. Verdict and judgment in favor of the plaintiff for six hundred and fifty dollars. Defendant appeals.— *Affirmed.*

*Struble & Stiger* and *Willett & Huber* for appellant.

*Caldwell & Walters* for appellee.

GIVEN, J.—I. Appellant's first contention is that the evidence fails to show negligence or want of care and skill on his part in treating the plaintiff. The evidence is in sharp conflict upon this issue, the issue was fairly submitted to the jury, and the verdict has such support as that, under the rules in such cases, it should not be set aside on this ground.

II. Appellant's next complaint is that medical works were introduced and read as evidence by the plaintiff, and he cites *Railway v. Yates,* 25 C. C. A. 104 (79 Fed. Rep. 584); *Bixby v. Bridge Co.,* 105 Iowa, 293. The record shows that such works were introduced and extensively read from as evidence by both parties without objection. Therefore the complaint is not well founded.

III. It is complained that in the ninth instruction the court charged "that it may be immaterial whether any insect, or part thereof, was in fact in the ear of the plaintiff, or not, at the time it is charged he attempted to remove same from the ear of the plaintiff." No such language is contained in that instruction. The complaint was probably intended to be directed to the sixth, but that instruction is in harmony with the allegations of the petition, and is not erroneous.

IV. Appellant complains of the overruling of his motion for a new trial on the third and ninth grounds thereof. The third ground is that Juror McAnulty declined to assent to the verdict when the jury was brought into court. It appears: That the jury retired on Friday, and that it was agreed that they might return a sealed verdict and separate, but no agreement that they might be polled on bringing in their verdict. That the jury agreed upon a verdict Saturday night, which was signed, sealed, and taken charge of by Mr. McAnulty, as foreman. As directed, the jury returned into court on Monday morning, and each responded to the call, and, upon being asked if they had agreed upon a verdict, the foreman, Mr. McAnulty, answered, "We have," and passed the sealed verdict to the judge. The verdict was read, and, upon being asked if that was their verdict, the jurors all responded in the affirmative, except Mr. McAnulty, who did not respond. The defendant asked that the jury be polled, which, on objection of plaintiff, was refused. There-

upon Mr. McAnulty said: "I did not answer to that call.
I wish to make an explanation;" and this he was permitted
to do.    Defendant asked to be permitted to examine the
jury, which, on plaintiff's objection, was refused.    Mr.
McAnulty makes affidavit that his health was such that he
could not stand the confinement of the jury room; that on
Saturday he, through the bailiff, asked to see the judge, that
he might so inform him, and that he could not agree with
his fellow jurors; that he refused to concur in the view of
the other jurors until about 10 o'clock Saturday night,
when he "consented to a compromise verdict," believing
that it would not stand, and in order that he might be
relieved from further confinement.    He says he does not
believe the verdict is just, and does not concur in it.    Two
of the jurors testify that they did not see any evidence of
ill health on the part of Mr. McAnulty.    Section 3724 of
the Code is as follows: "When by consent of the parties and
the court the jury have been permitted to seal their ver-
dict and separate before it is rendered, such sealing is
equivalent to a rendition and a recording thereof in open
court, nor shall such jury be polled or permitted to dis-
agree thereto, unless such course has been agreed upon
between the parties in open court and entered on the rec-
ord."    See, also, *Bingham v. Foster,* 37 Iowa, 339.    There
was no error in refusing to allow the jury to be polled, nor
in refusing to allow Mr. McAnulty to then disagree to the
verdict; hence the third ground of the motion for a new
trial was properly overruled.

V.    The ninth ground is because of newly-discovered
evidence.    The affidavits show that, after the verdict, defend-
ant's counsel, discovered that one Everett would testify to
material conversations with the plaintiff as to her condi-
tion when she went to the defendant for treatment.    It also
appears that prior to the trial defendant was informed that
Everett had had a conversation with the plaintiff about the

time she came for treatment, but was unable until after the verdict to learn what the conversation was. That defendant caused a subpœna to issue for said Everett, but the officer failed to find him and the trial proceeded without him. This evidence, though important, is merely cumulative; and the defendant did not ask any delay or continuance on account of the failure to get service on Everett, though knowing of his having conversed with the plaintiff. See notes to section 3755 of the Code, under "Newly Discovered Evidence." The ninth ground of the motion was properly overruled.

VI. The fourth paragraph of the charge was excepted to, and is as follows: "(4) One who undertakes the treatment or care of disease or an injury is bound to use and exercise the learning, skill, and prudence which is ordinarily employed by members of the profession generally, taking into consideration the improved methods and advanced state of learning which ordinarily characterize the practice of such profession at the time in question. Failure to exercise such degree of learning or skill or care is negligence, and if, by reason of such negligence on the part of a physician or surgeon, a patient is injured, or is caused to suffer increased or unnecessary bodily pain or anguish, or is put to unnecessary expense, then the physician is held liable in law to the patient for all damages so sustained." This instruction is in harmony with the rule announced in *Smothers v. Hanks*, 34 Iowa, 287; but in the recent case of *Whitesell v. Hill*, 101 Iowa, 629, we held that statement of the rule to be erroneous, and, after a careful review of the cases, announced the rule as follows: "But we are of the opinion that the correct rule is that a physician and surgeon, when employed in his professional capacities, is required to exercise that degree of knowledge, skill, and care which physicians and surgeons practicing in similar localities ordinarily possess." It is further said: "We conclude, however, that the portions of the charge under

consideration, although not correct, considered abstractly, could not have prejudiced the plaintiff." The same is true in this case.—AFFIRMED.

'WATERMAN, J., taking no part.