A. E. PARMATEER, Plaintiff, v. D. M. BASS, Appellee, AND HUGH CONN, Appellant.

**Principal and Surety:** RECEIPT OF CONSIDERATION: *What is not.* There was evidence that of two makers of a note, A. received the consideration, and gave a part of it to the other, B., taking his note therefor. *Held,* in an action on the original note, that a charge that if B. "received any part of the consideration," he was not a surety only, was not misleading in forcing the jury to find B. was not a surety, though they found that he borrowed part of the money from A., since such money borrowed was not a "part of the consideration," but was the consideration of his own note to A.

INSTRUCTIONS: *Harmless error.* Conceding that the charge was erroneous, it was without prejudice, the jury having found on another branch of the case, that B. had agreed with A., for a sufficient consideration, to pay the note; it thus becoming immaterial whether B. was a principal or surety.

*Appeal from Boone District Court.*—HON. B. P. BIRDSALL, Judge.

MONDAY, JANUARY 22, 1901.

ACTION at law on a promissory note. The execution of the note is admitted, but the defendant Conn pleads that he was a surety thereon, and that certain payments were made which were not credited. Defendant Bass admitted the execution of the note, but in a cross petition against Conn alleged that he (Conn) received part of the consideration, and that the remainder was used in a business in which he and Conn were engaged as partners; that, when the partnership was dissolved, Conn agreed, in consideration of the receipt of certain property, to pay the note. Conn, in answer to this petition, admitted the receipt of certain property, to wit, a deed for 15 acres of land, but denied all other allegations of the cross petition. On these issues the case was tried to a jury, resulting in a verdict finding that Conn was not a surety on the note, and that he received the property in consideration of his promise to pay the note. Defendant Conn appeals.—*Affirmed.*

*Crooks & Snell* for appellant.

*Jordan & Goodykoontz* for plaintiff.

*Dyer & Stevens* for appellee Bass.

DEEMER, J.—Bearing on the issue of Conn's alleged suretyship, testimony was adduced tending to show that, while Conn did get $100 of the money borrowed from Miss Radtke, the original payee of the note in suit, yet that he borrowed the same from Bass, and executed his note to Bass for the amount thereof, which was afterwards settled and paid. Bass, of course, denied this claim, and he offered evidence to show that the money was borrowed by both him and Conn; that Conn received part of the consideration for the note; and that the balance was used in paying the debts of a partnership of which Conn and Bass were members. In view of this evidence the court instructed the

jury as follows: "If you shall find, therefore, by a preponderance of the evidence, that the defendant Conn, at the time of the execution of said note, signed it at the request of the defendant Bass, and that he received no part of the consideration of said note, either for his own use or for the use of the partnership between the defendants, then it will be your duty to find that said Conn was originally a surety only on the said note." "(4) On the other hand, if you find from the evidence that he received any part of the consideration of said note for his own use, or find from the evidence that the money, or any part of it, for which said note was given, was used by the defendants for the benefit of the copartnership then existing between them, or that the money was borrowed by them for that purpose, then, in either case, the defendant Conn was not a surety only on said note, and you should so find." These instructions are challenged on two grounds, the first of which is that, even though the jury found that Conn borrowed $100 of the money received of Radtke from Bass, and gave him (Bass) his note therefor, yet, if they followed the instructions, they were bound to find that Conn was not a surety. Abstractly considered, the instruction presents a correct rule of law; and the only question in this connection is, was the jury likely to be misled in applying it to the testimony hitherto mentioned? Appellant argues that it was, for the reason that, even if Conn received a part of the money Bass borrowed from Radtke as an independent loan, for which he executed his note to Bass, still the jury may have found, under the instructions quoted that, having received a part of the money borrowed by Bass, he became jointly liable with him as principal. Such a conclusion is a strained and unnatural one, as we view it. If Conn, as he claims, borrowed $100 from Bass, which was a part of the sum Bass received from Radtke, he (Conn) did not receive a part of the consideration of the Radtke note. He received the consideration for his own note to Bass. And

we do not think the jury was likely to' understand that from the mere receipt of some of the money which Bass obtained from Radtke that he (Conn) became responsible as principal on the note representing the amount thereof. The instruction was good as far as it went, and, if Conn desired a more explicit one, it was his duty to have asked it. Second, it is said the instruction is erroneous because there was evidence tending to show that Bass gave the note and borrowed the money for the purpose of paying his share only of a partnership note that had theretofore been executed by the firm. The answer to this contention is, that while there was evidence tending to support appellant's claim there was also evidence tending to show that the entire proceeds of the Radtke loan were used for firm purposes. As the instruction was good as far as it went, and as appellant made no request for instructions, there was no error. Aside from this, however, the instruction, even if erroneous in the particulars mentioned, was without prejudice. There were, as we have seen, two issues; one tendered by Conn's answer that he was surety only on the note, and the other by defendant Bass's cross petition that Conn, in consideration of the receipt of certain property, agreed to pay the note. The jury found that Conn agreed to pay the note in consideration of certain property deeded to him by Bass. There was evidence to support this finding, and it must be accepted as a verity. Treating that fact as established, it will be observed that the relative relations of the two signers of the note is a wholly immaterial matter. If defendant Conn agreed, on a sufficient consideration, to pay the note, it matters not what his original relation to it was. If surety only, he was nevertheless bound by his subsequent promise. Error, then, in the instructions relating to Conn's liability on the note, was error without prejudice.

II. Defendant's motion for a new trial was based, among other things, on newly-discovered evidence; and

error is predicated on the overruling thereof. Without setting forth the showing contained in the affidavits, it is sufficient to say that Conn was not as diligent as he should have been in endeavoring to procure the evidence before the day of trial. He sets forth no facts that furnish sufficient justification for not discovering the evidence before trial day. Moreover, much of the alleged newly-discovered evidence was cumulative, and some of it was discovered, or should have been discovered, during the progress of the trial. There was, therefore, no error in overruling the motion. No prejudicial error appears, and the judgment finding that Conn was principal and Bass surety on the note sued on, as well as the judgment on the cross petition, is AFFIRMED.