MARENGO SAVINGS BANK, Appellee, v. JAMES KENT, Appellant.

**Pleadings:** FILING: WAIVER OF OBJECTION. Where a pleading has 1 been treated as filed and the cause tried upon the issue tendered therein neither party can complain of its submission, or that the paper was not filed in time, or that a *nunc pro tunc* order directing its filing was entered.

**Negotiable instruments:** SATISFACTION AND DISCHARGE The agree- 2 ment of a bank to apply funds coming into its hands to the satisfaction of defendant's notes held by it, is not a defense to a suit on the notes where defendant continues to issue checks which the bank honors, unless it is also shown that the bank was not to use the funds for cashing the checks.

**New trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not be 3 granted on the ground of newly discovered evidence where the new discovery consists of evidence of a witness who was used upon the trial.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION upon twelve promissory notes executed by defendant to plaintiff bank. Defendant pleaded want and failure of consideration for part of the notes. He also pleaded that there was placed in said bank to his credit the

sum of $1,708.34, with the agreement between him and plaintiff's cashier that the said amount should at once be applied upon the notes which defendant then owed the bank, and that any future money which defendant might need could be checked out and settled as an overdraft. He avers that the money was not in fact so applied, but that nevertheless the notes in suit were paid by this agreement for credit or cancellation. In reply plaintiff denied the allegations of the answer, and further pleaded that defendant had checked out all money deposited by him, leaving the notes in suit unsatisfied. It further pleaded that shortly before the commencement of this action defendant recognized the validity of the notes and promised to pay the same. On these issues the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Thomas Stapleton,* for appellant.

*Popham & Havner,* for appellee.

DEEMER, J.— Although something like seventeen errors are assigned, they are grouped in appellant's argument under six or seven different headings, but some of these overlap and will be considered together. Upon this appeal no question is made regarding the execution and delivery of the notes sued upon, and no claim is now made that they were not based upon a sufficient consideration. It is contended, however, that they were paid and satisfied because of the transactions hereinafter to be referred to, and that the judgment should have been for defendant under the law and the facts. The notes were executed at various times during the years 1899, 1901, 1902, and 1903, and defendant claims that after all but two of them had been executed he held a public sale, and that it was agreed between him and the cashier of the plaintiff bank that the bank would cash

the sale notes, and that the proceeds thereof should be applied in satisfaction of defendant's notes then held by the bank and notes taken up; that it was also arranged that defendant might issue checks against the bank, and that whatever they represented should be treated as an overdraft. There is no doubt that the bank received the proceeds of the sale notes, and that this amounted to something like $1,622.15; but defendant's notes were never cancelled or surrendered. The money was placed to defendant's credit on March 17, 1903, and defendant issued his checks against it from time to time, or, rather, he issued checks which the bank treated as drawn upon the fund created by the sale notes leaving the old notes unpaid. In brief, this is the transaction relied upon as constituting a payment of the notes.

I. During the trial a paper was handed the judge, which was denominated a " reply," pleading the matters referred to in the original statement of the case. The filing

1. PLEADINGS: filing: waiver of objection.

of this reply was not entered upon the appearance docket at the time, nor was it marked " Filed," but it was treated by all parties as having been filed, and the case was tried without objection upon the issues tendered thereby. Thereafter the trial court made an order for a filing *nunc pro tunc* of the reply as of date January 22, 1906. Error is predicated upon the submission of the case to the jury upon issues not properly pleaded; in that the reply was never in fact filed, and upon the court's ruling directing the reply to be filed *nunc pro tunc*. Even if a reply were necessary, which we do not at present determine, and conceding that a *nunc pro tunc* entry should not have been made, yet, as the case was tried without objection upon the theory that the issue tendered by the the reply was in the case, there was no error of which defendant may complain. *Hoyt v. Hoyt,* 68 Iowa, 703; *Schopp v. Taft,* 106 Iowa, 612; *Fenner v. Crips,* 109 Iowa, 455; *Alexander v. Lodge,* 119 Iowa, 519; *Benton Co. v. Boddicker,* 117 Iowa, 407; *Carlson v. Hall,* 124 Iowa, 121;

*Warren v. Chandler,* 98 Iowa, 237; *Humbert v. Larson,* 99 Iowa, 275.

II.   It is contended that under the evidence and the instructions given by the trial court there should have been a verdict for defendant.   The court instructed that the jury, in order to find for defendant, must conclude that there was not only an agreement to apply the proceeds of the sale notes upon the notes in suit, but also an agreement that any future checks should be treated as overdrafts, and that, unless both elements were established, this defense would not be made out.   This instruction, to say the least, was as favorable to defendant as he was entitled to, and we are not to be understood as approving the same.   For present purposes it constituted the law of the case, and will be so considered.   Conceding this, there was enough testimony in support of plaintiff's denial of the facts relied upon as a defense to take the issue to a jury.   Defendant was impeached as a witness upon the stand; and he admits having received the proceeds of the checks amounting to more than the original notes and the proceeds of the sale notes.   Then he made certain admissions of indebtedness on the notes sued upon, which in themselves justified a submission of the case to a jury.   There is much doubt about whether the matters relied upon by defendant constituted a defense.   See *Second Bank v. Hill,* 76 Ind. 223 (40 Am. Rep. 239); Morse on Banking, 30, 42; Randolph on Com. Paper (2d Ed.), section 1393.   But we need not speculate upon this further than to say that the trial court was clearly right in saying that an agreement to apply the proceeds of the sale notes upon the original notes if not fully executed would not, where defendant continued to issue checks which were duly honored by the bank, constitute a satisfaction or payment of the original notes, in the absence of proof that the subsequent checks should not be paid out of the credit fund, but should be treated as an overdraft.   This meets the proposition made by appellant that the court was

2. NEGOTIABLE INSTRUMENTS: satisfaction and discharge.

in error in imposing the qualification as to the agreement regarding subsequent checks being treated as overdrafts. We approve the qualification without at this time announcing that the entire instruction is sound in law.

III.   Next it is argued that the trial court was in error in not allowing a new trial on the ground of newly discovered evidence. The witness whose testimony it is claimed was newly discovered was the cashier of the bank at the time defendant claims to have made his agreement, is the official with whom defendant claimed to have made the agreement, and was upon the witness stand during the trial of the case. But defendant contends that the witness refused to disclose what he knew of the case until after the trial was over. This presents a very queer record; such an one as will not justify a reversal. The case must be a very strong one, indeed, which will justify a new trial on the ground of newly discovered evidence where the witness was used upon the trial. And in this case defendant must have known what the witness' testimony would or ought to be, and he could not wait until after a verdict before taking his chances upon what the witness would testify to about the transaction upon which he relied. See, as sustaining these conclusions, *Fanning v. McCraney,* 1 Morris (Iowa), 398; *Dunbauld v. Thompson,* 109 Iowa, 199; *Benjamin v. Flitton,* 106 Iowa, 417; *Parmateer v. Bass,* 113 Iowa, 68.

3. NEW TRIAL: newly discov-ered evidence.

No error appears, and the judgment must be, and it is, *affirmed.*