JAMES BUSWELL, Appellant, v. ELLA BUSWELL.

**New trial:** NEWLY DISCOVERED EVIDENCE: DILIGENCE. A new trial will not be granted on the ground of newly discovered evidence, where it appears from the showing made in support of the application that the evidence sought might have been elicited from the witness on the trial, but for the fault of the party making the application. Nor will it be granted where diligence was not used in procuring the evidence before the trial.

**Same:** PLEADING. A general allegation of diligence in the effort to procure evidence is not rendered sufficient by a demurrer, where the facts pleaded, which must govern, do not support the conclusion.

**Same:** DIVORCE: EVIDENCE. Where a petition for divorce charges adultery at certain times and places, evidence of prior adultery will not afford ground for divorce; and if offered as showing an adulterous disposition would be simply cumulative and insufficient to authorize a new trial.

**Same.** A new trial of a divorce action will not be granted because of error in awarding alimony.

*Appeal from Poweshiek District Court.*—Hon. K. E. Willcockson, Judge.

Tuesday, February 15, 1910.

Action for a divorce. The opinion states the case.—*Affirmed.*

*W. R. Lewis,* for appellant.

*Jno. T. Scott* and *U. M. Reed,* for appellee.

Sherwin, J.—In 1908 the plaintiff brought an action against the defendant for a divorce, alleging in his petition that she had committed adultery with one W. W. Bobsin at the times and in the places specified therein. The defendant denied the allegations of the petition, and in a cross-petition alleged cruel and inhuman treatment, and asked that she be divorced from the plaintiff. A trial resulted in a decree of divorce and alimony for the defendant. Thereafter the plaintiff filed a petition for a new trial on the ground of newly discovered evidence. A demurrer to this petition was sustained, and the plaintiff appeals.

The newly discovered evidence upon which the plaintiff asks a new trial is the testimony of Mrs. A. J. Kline

·that she heard Bobsin and the defendant together in the former's room in the Monroe Annex in Grinnell soon ."after the holidays in 1907-08." On the original trial Mrs. Kline was a. witness for the plaintiff, and, in answer to questions put to her by his counsel, she stated that she had never seen the defendant in or on her way to Bobsin's room in the Monroe Annex. In his petition the plaintiff says that, while Mrs. Kline so answered on the trial, she would then have testified that she had heard them there, had she been asked the question. That she was not asked the question was clearly the fault of the plaintiff, for which relief can not now be granted.

*1. NEW TRIAL: newly discovered evidence: diligence.*

On the trial one Seibert was a witness for the plaintiff, and testified that he had seen the defendant and. Bobsin. together on a train going from Grinnell to Marshalltown; that they left the train at Marshalltown in the forenoon, went up into the city together; and that he saw them together at the railroad station in Marshalltown the next morning. The petition for a new trial alleges that said witness, and also his wife, who was with him at the time, will now testify "that the defendant and said Bobsin, as their handwriting on the hotel register at the Stoddard Hotel at Marshalltown shows, registered and took rooms in said hotel and slept in said hotel the night of December 24, 1906, she registering as 'Mrs. Ella Brown, Grinnell, Iowa,' and he registering as 'W. Richardson, Oskaloosa, Iowa,' or W. E. Robinson, Oskaloosa.'" Reasonable diligence would have discovered this new evidence. When it was known that the defendant and Bobsin went to Marshalltown together and remained there all night, about the first thing a diligent searcher after facts would do would be to examine hotel registers and operators to ascertain where they had stayed. According to the testimony of Seibert, he saw them leave the train and start from the depot together, and the next morning saw them

together in the same depot.   These were circumstances which would at· once suggest to an interested party farther investigation.   A new trial should not be granted on account of newly discovered evidence where reasonable diligence is not used in procuring same before trial.   *Benjamin v. Flitton*, 106 Iowa, 417.   While it does not certainly so appear from· the petition, the inference may fairly be drawn therefrom that the condition of the hotel register was known to the Seiberts at the time the husband testified on the trial, and, if such was the case, the plaintiff's want of diligence is still more apparent.   In *Savings Bank v. Kent*, 135 Iowa, 386, we said: "The case must be a very strong one indeed which will justify a new trial on the ground of newly discovered evidence where the witness was used upon the trial."

The appellant earnestly contends, however, that his general allegation of diligence is sufficient because the demurrer admitted the truth of the statements in the peti-

2. SAME: pleading.

tion.   The allegation of diligence was a conclusion, and the facts set forth ·in the petition, and they must govern, do not sustain such conclusion.

The petition further alleges that Al. De Camp will testify that in the winter of 1905 and 1906 said Bobsin rented a room in the Monroe Annex for one night, and

3. SAME: divorce: evidence.

that "he and the defendant went into it together and without others being with them in the night time and remained there together in the room an hour or more in the dark, and then left the room together and went away, neither of them coming back to the room any more that night."   De Camp was not a witness on the original trial, and there was no evidence before the court relating to the transaction the appellant says he will testify to.   There is nothing in the petition to show who De Camp is, or how, or from whom, he learned the facts stated.   The record shows that both

the defendant and Bobsin testified that they had never been together in any room in the Monroe Annex. The transaction that De Camp will testify to occurred more than two years before this action was brought, and under the allegations of the petition which charges that adultery was committed on certain dates and at particular places it would not in itself afford ground for a divorce. If used only for the purpose of showing an adulterous disposition on the part of Bobsin and the defendant, it would be merely cumulative and insufficient to authorize a new trial. We are of the opinion that the trial court did not abuse its discretion in refusing a new trial on account of De Camp's testimony.

The petition also charges that the defendant was guilty of improper conduct with other men at a particular time and place in the spring of 1906. This was before her alleged intimacy with Bobsin, and would be entirely immaterial under the allegations of the original petition. We think there was no abuse of discretion in denying the petition for a new trial. Both parties asked a divorce, and a decree was granted which divorced them. It is evident that the appellant's real grievance is over the allowance of alimony, and a new trial can not be granted on that ground.

4. SAME.

The judgment sustaining the demurrer and dismissing the petition is *affirmed*.