BRIDGET DOWNING, as Administratrix of the Goods, Chattels and Credits of JOHN W. DOWNING, Appellant, *against* ST. COLUMBA'S R. C. T. A. B. SOCIETY, Respondent.

(Decided December 5th, 1881.)

A member of a beneficial society can only be expelled after notice of the charges against him, and an opportunity to be heard; and such notice is not sufficiently proved by the testimony of a witness that he served on the accused member a written notice to appear at a particular time, where he also testifies that he cannot say what the notice was, as he handed it to the accused without reading it to him, and it was written by an officer of the society who is not examined. Nor does the accused waive his right to notice of the charges by attending a meeting and entering on his defense.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*Edmund E. Price,* for appellant.

*Strahan & Findlay,* for respondent.

VAN HOESEN, J.—Section 1 of article XI. of the by-laws of the defendant, provides that any member of the society receiving benefits from it, who may be found imposing on the society, by feigning sickness, shall be cited before the Council, and on proof thereof, shall be fined or expelled as the Council shall determine. The Council is appointed by the president, *ex officio,* who is the priest of the parish, and it consists of nine members, six of whom constitute a quorum

for the transaction of business. Section 4 of article 7 provides that "members accused shall be specially notified to attend the Council meeting, by the secretary, setting forth the charges made against him" (sic).

It appears by certain minutes introduced in evidence that John W. Downing, the plaintiff's intestate, was expelled on the 4th of August, 1880, and this expulsion was the defense interposed by the defendant to the claim made by the plaintiff for sick benefits due to the husband, and for the allowance for the expenses of the funeral. The by-laws are in conformity with the law, as settled by this court in a series of cases, and by repeated adjudications in both America and England, that a member of a society cannot be expelled until after he has been notified of the charges against him, and has had an opportunity to be heard. The first observation to be made respecting the minutes is that the meeting which expelled Mr. Downing was a meeting of the society. The minutes read as follows : " At a regular business meeting of Saint Columba's R. C. T. A. B. Society, held on this evening in their hall in West Twenty-fifth Street between Eighth and Ninth Avenues, a meeting of the council was held, the president, Mr. Thomas Condon, Jr., in the chair."

The fact appears to be that some members of the council having been in attendance at the meeting of the society, the proceedings for Mr. Downing's expulsion took place whilst the meeting was in progress.

Without further comment on that fact, I need only call attention to one fact, which is decisive as to the insufficiency of the defense. The defendant, in order to prove that Mr. Downing had been notified of the charges against him, called as a witness James Flannagan, who swore that he served a written notice on Mr. Downing to appear on the 14th of August before the council. When asked what the notice was, Flannagan answered, "I could not say." He further said that he did not read it to Mr. Downing, but handed it to him ; that the notice delivered to Downing was the only one the witness had ; that it was written by the recording secretary, who signed the name of the witness to it, though it was the duty

of the witness to have signed it himself. The recording secretary was not examined.

Now, this testimony utterly fails to show that Downing was notified of the charge against him. The notice may have been a mere notice to attend a meeting of the society, for the recollection of the witness Flannagan as to the purport of it is so vague that no reliance can be placed upon his description of its nature. We are not to assume anything in order to support a forfeiture; and this expulsion of Downing appears by the testimony to have been a forfeiture of a peculiarly odious character.

It does not mend the matter that Mr. Downing was present at the meeting. If he were not apprised of the charges, he had no opportunity of bringing witnesses to prove that he was no malingerer, but a severe sufferer from a painful malady that was hurrying him to the grave. It has been decided that though a member attends, and enters upon his defense, he does not waive his right to a notice of the charges. Fair dealing requires that notice shall be given, and that the charges shall be clearly stated (*Marsh* v. *Huron College*, 27 Grant [U. C.] Ch. 605, 628; *Labouchere* v. *Wharncliffe*, L. R. 13 Ch. D. 346; *Fisher* v. *Keane*, L. R. 11 Ch. D. 353).

The defense was insufficient, and the plaintiff should have had judgment in her favor, upon the evidence, as it stood at the close of the trial.

J. F. DALY, J., concurred.

Judgment reversed, with costs.