McAdam, J.
— The relator, a member of Joseph Grosner Lodge No. 4, was, on May 9, 1895, expelled for nonpayment of dues. It appears that the defendant’s grand lodge is a corporation, and that its constitution provides that before a member shall be expelled he must be given at least eight days’ notice previous to the meeting, The defendant has no by-laws, and must therefore be governed by those of the grand lodge. On May 6,1895, the deféndant mailed a letter to the relator, stating that unless he paid his dues at a meeting to be held on May 9th he would be suspended, and this notice is the only authority for its action. Expulsion, if a property right is involved, must always be on notice, and, if no other method of notice is prescri bed by the by-laws, it must be served personally.. Bac. Ben. Soc. § 101. By the constitution of the grand lodge the relator was entitled to the sum of $500 on the death of his wife. She died on May 12, 1895, so that there is dependent upon the legality of relator’s expulsion the right to the aforesaid $500. If the defendant had adopted by-laws of its own, and the relator had subscribed to them, so as to become bound thereby, a different question might have arisen. But, on the case as presented, it is clear that he did not get the notice required by the constitution of the order, and was therefore illegally expelled. He did not attend the meeting held May 9th, and therefore waived none of his rights. The relator exhausted all the remedies pro: vided by the society of which he is a member. He appealed to the grand lodge and that body refused to recognize him in any manner, so that the only course open to him is by mandapius. . It is well settled that, where 'such proceedings- are not in accordance with the by-laws of the society, the relator is entitled to this remedy. 14 Am. & Eng. Enc. Law, pp. 153, 154.
The application will therefore be granted.