A. B. BYRAM, Appellant, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

**Benefit Associations:** EXPULSION: *Jurisdiction.* Where the by-laws of a benefit association prescribe the method for expulsion of members, and provide that charges in writing shall be preferred and served on accused, an expulsion by a vote of the order, on a motion merely, is void, since the association can expel a member only as the by-laws prescribe.

SAME. The preferment of charges and a notice thereof and of the time and place of trial which are prescribed by the by-laws of a fraternal association, in case of an attempt to expel a member, are jurisdictional and are not waived by the member's presence when a motion is adopted for his expulsion, and his failure to object in any manner to the proceedings or jurisdiction of the

association to try him, except that he had restored the money which he is charged with having misappropriated and had taken back certain dues paid by him.

SAME. The presence of the member so expelled when the motion is made is not an acquiescence in the proceedings, it being void.

WAIVER BY APPEAL FROM LOCAL CAMP. Where a member is expelled from a benefit association, which acts without authority, his appeal to the Sovereign Commander, who affirms the action of the camp, does not make effectual his expulsion, since he must exhaust all remedies afforded by the association before he can resort to the courts.

SAME. A by-law of a fraternal association which provides for an appeal to the Sovereign Commander from the action of a local camp in expelling a member of a Sovereign Commandery and that his decision shall be final unless reversed by the sovereign camp, does not contemplate an appeal from the Sovereign Commander to the sovereign camp, but the appeal to the Sovereign Commander takes the case in due course of procedure to the sovereign camp, where the Sovereign Commander is the chief executive officer of the sovereign camp, presides at its meetings, and is required by law to make reports of his transactions to each of its meetings.

WAIVER: *Failure to enforce reinstatement.* The beneficiary in a certificate issued by a beneficiary association, may maintain an action thereon, notwithstanding that the association, during the member's life-time, undertook to expel him and he was not reinstated by mandamus or otherwise, where the expulsion was void for want of jurisdiction on the part of the association to entertain the expulsion proceedings.

WAIVER OF DUES: *Forfeiture.* In an action by a beneficiary against a benefit association, defendant cannot defeat its liability by claiming a failure to pay an installment of dues, where the association had attempted his expulsion, and would not have received the dues.

SUIT BY BENEFICIARY. Where the by-laws of a benefit association include the father among those whom a member may designate as his beneficiary, and a member designates his father, he is the proper party to sue for the benefit, although such member may leave a wife and child surviving.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, MAY 17, 1899.

ACTION on a beneficiary certificate issued by the defendant association.   Judgment for defendant, and the plaintiff appealed.—*Reversed.*

*Geo. Wambach* for appellant.

*Brome & Burnett* for appellee.

GRANGER, J.—I.   The plaintiff was the father, and is the beneficiary named in the certificate in suit issued by the defendant association to Elbert W. Byram on the tenth day of August, 1894.   It secures to the beneficiary the sum of one thousand dollars at the death of Elbert W. Byram, on specified conditions.   Elbert W. Byram, by due course of procedure, became a member of Lone Pine Camp, No. 85, at Diagonal, Iowa, and he died about September 4, 1896, and this action is to recover the amount of the certificate.   The answer pleads expulsion, nonpayment of dues, and other matters that may be noticed in considering different questions.   The facts are stipulated, except that as to some proofs exceptions were taken to their admission.   It will be well to notice some facts bearing directly upon the question of the certificate being avoided because of the expulsion of Elbert W. Byram from the association.   About February, 1896, Byram became a member of Lone Pine Camp No. 85, and was for a time thereafter clerk of the camp, and while such clerk he used five dollars and fifty cents of the funds in his hands.   The purpose of its use is somewhat in dispute; it being his claim, at that time, that he used it for stamps, stationery, etc., for the camp, for which he expected the camp to allow him.   The following facts appear upon the stipulation:   "Verbal notice was given to said Elbert W. Byram by Ira G. Morrison, clerk of Lone Pine Camp, No. 85, three days prior to the eighteenth day of July, 1896, that at the regular meeting of said camp held on July 18, 1896, a motion would be made and entertained to expel him from the order on

account of his having theretofore appropriated the funds of the camp, and he was then and there requested by said Morrison to be present at said meeting and show cause, if any, why he should not be expelled. That no charge of any kind or charges were filed or preferred against the said Elbert W. Byram in writing, and that proceedings had upon such expulsion were had in the manner following, to-wit: On the eighteenth day of July, 1896, a regular meeting was had of said camp, and, the said Elbert W. Byram, being present, a motion was made and seconded that on account of and for the reason that Elbert W. Byram has heretofore, as found and reported by the board of managers, misappropriated the funds of the camp, to his own use, to the amount of five dollars and fifty cents, that he be expelled from the order. That while said motion was being discussed, and after the same had been made in the presence and hearing of said Elbert W. Byram, the said Elbert W. Byram became angry and left the meeting. Thereupon said motion was submitted to a vote of the members remaining present at such meeting, and was carried by unanimous vote of all members present; that no notice was given the members of the said local camp of the contemplated expulsion of the said Elbert W. Byram, and that not all the members were present at the meeting at which the motion was made." In pursuance of such action, official notice was at once given Byram of his expulsion, and that thereafter he would in no way be connected with the order. From such action Byram appealed to the sovereign commander, who sustained the action of the camp. Assessments and dues to the amount of two dollars and fifteen cents that had been paid by plaintiff, were returned to him July 23, 1896, because of such expulsion. A very important question is asked as to the legality of the expulsion. If valid, it concludes a right of recovery by plaintiff by the terms under which the certificate issued. It is not an open question that the membership of Elbert W. Byram in the association created contractual relations, so that

the rights and obligations of the parties are to be controlled thereby. By the terms of the certificate, the constitution, fundamental laws, and the by-laws of the association became a part of the contract of membership, and one express provision is that expulsion shall forfeit the certificate. This is not questioned. Appellant's position is that the laws of the association, being a part of the contract, prescribe the method of expulsion, and that it could not be effective on a mere motion, as was done in this case. The laws are in the record, and they make express provisions for procedure in cases of complaints, and among them it is provided that, upon information to warrant it, charges in writing shall be presented to the camp, and service of a copy thereof be made on the accused, and the details of investigation are quite definitely prescribed. It is expressly provided that after investigation a vote shall be taken upon the question, "Have the charges been sustained?" and a two-thirds vote is necessary to sustain them. If sustained, then the camp may impose the penalty, and among the penalties prescribed is that of expulsion by a two-thirds vote. The expulsion in this case was without any reference whatever to such a procedure, and without any charges or findings of guilt. A board of managers had reported a misappropriation of funds by him, nothing further appearing in regard thereto, and thereupon he is expelled on motion. Not a jurisdictional fact appears to justify the action of the camp, or the sovereign commander on appeal. That the preferment of charges, and a notice thereof, and of the time and place of trial, are jurisdictional facts, no one should even doubt. They were as much required of the association as a condition on which it had authority to act in the matter of expulsion, as was Byram required to pay his assessments and dues in order to be in good standing in the association. These duties as to both arose from the terms of the contract of membership. Appellee urges that the presence of Byram when the motion was adopted for his expulsion, and his acquiescence in such action

by receiving back the moneys paid by him on account and dues and assessments after a certain date; his not having objected in any manner to the proceedings, or the jurisdiction of the camp to try him, except that he made restitution of the money misappropriated, and his taking an appeal to the sovereign commander,—have waived all objection to the procedure and he stands legally expelled. It is true that Byram received a verbal notice from the clerk that a motion would be made at the regular meeting of the camp for his expulsion because of the misappropriation of funds, and for him to be present, and show cause why he should not be expelled. It was not a notice that he was under charges, or of the hearing, but, in so far as the notice conveyed any idea, it was that there had been such proceedings as that he was found guilty, and the camp would act on the question of his expulsion, and he might show cause against it. In *People v. Musical Mut. Protective Union,* 47 Hun. 273, where the by-laws required that charges should be prefered, a copy of which should be served on the member charged, and a notice was given, but no charges preferred, it was held that, in the absence of charges, a notice to appear and show cause why he should not be expelled gave no authority to expel him. It is said in the opinion: "Membership in this organization was attended with valuable rights and privileges, and the relator could not be deprived of them without a reasonably plain case being made against him, and specifications stating it, previously served upon him, allowing evidence to be taken to prove that case." In *Downing v. Society,* 10 Daly, 262, it is said: "It has been decided that, though a member attends and enters upon his defense, he does not waive his right to a notice of the charges." It cites *Marsh v. Huron College,* 27 Grant, Ch. 605; *Labouchere v. Earl of Wharncliffe,* 13 Ch. Div. 346; *Fisher v. Keane,* 11 Ch. Div. 353. In *Mulroy v. Supreme* Lodge, 28 Mo. App. 463, the court makes special reference to the contractual relations of the parties, and deals with the limitations on the society because

of such relations, and it is said: In a society such. as this the members to whom benefit certificates are issued acquire property rights in the society of a very important character; and in dealing with these rights it is highly essential that the courts should confine themselves strictly to the terms of the contract which the members have made among themselves. * * * We hold in this case, as we have held in other cases of this kind, that the rights of the beneficiary in such a certificate are strictly a matter of contract; that this contract is to be found in the terms of the certificate itself, in the statutes of the society, and, in the case of a society incorporated under the law of this state, in the statutes of this state, relating to such societies." The case holds an expulsion invalid because not conformable to the contract as thus defined, the ground of expulsion not being one specified in the contract, and it is said the proceeding was without jurisdiction of the subject matter. It will thus be seen that in such proceedings by a society, to make its judgment valid, it must conform to its contract in the particulars essential to jurisdiction both of the person and subject matter, in the absence of which its proceedings are void. It would be difficult to imagine a clearer departure from jurisdictional requirements than in this case, the proceeding being without charges, without notice of charges, without trial, and without a finding of guilt in the way the association had obligated itself to do. The presence of Byram when the motion was made to expel him can in no way be construed into an acquiescence in such a proceeding. It appears that while the motion was being discussed he became angry and left the meeting. The cause of his anger is not shown, and we have no occasion for assumption in regard to it. It is sufficient to say that while, as to mere matters of irregularity in a proceeding in which the association was acting within the scope of its authority, the presence or acquiescence of the accused might excuse or waive what might otherwise be erroneous, such a rule never obtains in a proceeding void for want of authority to act.

II.   From the action of the camp expelling him Byram appealed to the sovereign commander, who affirmed the action of the camp, and it is thought the taking of this appeal makes effectual his expulsion.   We have seen no authority announcing such a rule, but, on the contrary, there is a line of authorities holding that, where the right of appeal exists, it must be exhausted before there can be a resort to the courts, on the theory that the member should first obtain redress, if it can be done, under the laws of the association.   *Karcher v. Supreme Lodge,* 137 Mass. 368; *Lafond v. Deems,* 81 N. Y. 508; *Harrington v. Association,* 70 Ga. 340.   Whether or not such a rule obtains in a case where the association acts wholly without authority, so that its proceeding is void, we need not determine, for an appeal was taken in this case.   We may properly, in this connection, consider the claims of the appellee that the failure to appeal from the sovereign commander to the sovereign camp avoids plaintiff's right to complain of the action of the association in this action.   We find no provision for such an appeal.   Appellee refers to section 139 of the laws of the association, but it makes no provision for an appeal to the sovereign camp, but does provide for one from a camp to the sovereign commander.  It is true that the section provides that the decision of the sovereign commander shall be final unless reversed by the sovereign camp, but we understand that the sovereign camp acts upon the decisions of the sovereign commander without an appeal; or, perhaps, in better terms, we understand the appeal to the sovereign commander to take the case in due course of procedure to the sovereign camp, because the sovereign commander is the chief executive officer of the sovereign camp, presides at its meetings, and is required by law to make reports of his transactions to each meeting of the sovereign camp.   It is in this way that his decisions are brought before the sovereign camp for review, and not by a direct appeal.   It is urged that Byram, on his appeal to the

sovereign commander, did not present the question of the irregularity of the proceedings, but merely urged his case on its merits, by a correspondence. However that may be, .the sovereign commander did consider the question of the regularity of the proceedings, for he says: "I corresponded with the camp, and through its clerk, Sovereign Ira Morrison, was fully advised as to the proceedings in the case, which appear to be regular, and the evidence sufficient to justify expulsion." No one in this court contends, nor could they with reason, that there was even a semblance of regularity in the proceedings. On the contrary, the facts conclusively show an entire absence of regularity, and an absolute disregard of law. There was no charge, no notice of a charge, no evidence, and no findings of guilt; all of which are specifically provided for in the prescribed method of procedure. It seems certain that either the camp falsely presented the facts to the sovereign commander, or he has falsified them in his statement. The law seems to contemplate that the review by the sovereign commander of a case on appeal shall, or at least may, be on a written abstract of the record of the camp from which the appeal is taken, which the sovereign commander may require the clerk of the camp to send him; and one was required in this case. There does not seem to be any requirement that the accused who appeals must present objections to the record, or waive them, and especially where the proceedings are void for want of jurisdiction.

III. The expulsion was July 18, 1896, the approval thereof by the sovereign commander was August 27, 1896, and E. W. Byram died September 4, 1896. Prior to the expulsion, his dues and assessments had been paid for May, June, and July of that year, to the amount of two dollars and fifteen cents, which amount was, on July 23, returned to plaintiff because of the expulsion. By the laws of the association, the assessment for August, 1896, became due on the tenth of the month, and payment thereof was required, with-

out notice, of all members in good standing, and a failure of payment operated as a suspension so as to avoid the certificate. It is now urged that the failure to pay the August assessment is fatal to recovery. The record is a conclusive showing that at all times the plaintiff was willing and anxious to pay all dues required of members in good standing, and was urging the invalidity of the expulsion, both to the local camp and the sovereign commander;·and the showing is just as conclusive that at all times after the attempted expulsion, the local camp and the sovereign commander were treating Byram as expelled, and would in no way recognize his right to pay assessments, or his connection with the association. All dues and assessments have been tendered in this case. In now urging a default in the payment of the August assessment, the association is in the attitude of saying: "We regarded you as expelled, with no right to pay dues, and you would, but could not, pay them, for we would not receive them; and yet, for not paying them, you have forfeited your membership." We have yet to learn that the law ever justified such a claim by any person or association. The unlawful and void proceedings in an attempt to expel Byram forced the situation resulting in the nonpayment of the assessment, and the persistence of the association in its unlawful course caused the default of which it now seeks to take advantage. To permit it would be to stifle the familiar legal maxim that no one should be permitted to take advantage of his own wrong.

IV. It is thought that, in view of the expulsion, plaintiff cannot maintain this suit, because there was no reinstatement, by mandamus or otherwise, of E. W. Byram, during his lifetime. The mistake is as to the facts. He was not expelled. The proceeding was void, and Byram was at all times a member in good standing. See authorities above cited.

V. E. W. Byram was a minor at the time of his death,—that is, under 21 years of age,—but had married, and

left, at his death, a wife then pregnant, and a child was thereafter born. It is now urged that, as he was a minor, and a wife and child survived him, the designation of his father as a beneficiary is void, on the theory that the designation is of a testamentary character. The laws of the association provide who may be beneficiaries of its members, and within the limitation of the provision the member may make the designation. A father is included among those who may be designated. Our law then, as well as now, provided who could become members of such an association in respect to age, and only persons under the age of fifteen and over the age of sixty-five years are excluded; and the same law provides who may be beneficiaries of members therein, and a father is included. Code, section 1824. There is nothing to indicate that, as to members, all have not the same authority as to designation of beneficiaries. It seems to be the purpose of the law to invest persons fifteen years of age with contractual authority for the purposes of such membership, and to devest persons over sixty-five years of such authority. In view of these provisions of the law, we regard the plaintiff as the proper party in interest, and authorized to mantain the suit. There should be a judgment for plaintiff, and the cause is remanded therefor.—REVERSED.