(36 Misc. Rep. 205.)

### WEINBERG v. INDEPENDENT ORDER AHORAS ISRAEL.

(Supreme Court, Appellate Term. October, 1901.)

BENEFIT ORDER—EXPULSION OF MEMBER.

    The secretary of a beneficial order sent a duly-registered letter notifying a member that he was in arrears, and would be expelled unless he paid up before the next meeting. The letter was returned to the secretary the next day because the member could not be found at the address given. *Held*, that the order could not four days later expel him without a hearing, as he had no notice, to the knowledge of the order.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Pearl Weinberg against the Independent Order Ahoras Israel. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

A. B. Jaworower, for appellant.

Louis Levene (A. B. Schleimer, of counsel), for respondent.

McADAM, J. The question presented by this appeal is whether, in accordance with the constitution and by-laws of the defendant, the plaintiff's deceased husband was notified to pay dues and assessments, and that he would be suspended if said dues and assess-

ments were not paid. If, within the meaning of the said constitution and by-laws, he was not so notified, the plaintiff was entitled to recover.

Article 7, § 1, of the defendant's general laws, provides:

"A member who fails to pay his dues, endowment, assessments, reserved fund tax or other assessments, should, after being notified thereof by the secretary by a registered letter, if he fails to pay at the following meeting, be stricken from the list of membership."

The defendant attempted to prove a notification to the plaintiff's husband by mailing to him, as a registered letter, a notice stating that the addressee was in arrears to the amount of $3.75, and, if said amount was not paid, he would be suspended from membership. Notice may undoubtedly be given in any manner the by-laws prescribe, for the parties may agree what shall or shall not be notice. Bac. Ben. Soc. (2d Ed.) § 381. The registered letter was mailed February 7, 1899, and it was returned by the postmaster to the defendant's secretary on the following day because the plaintiff's husband could not be found, and the letter was refused by the person residing at the place to which the letter was addressed. Mr. Weinberg was not expelled until the 12th of February, so that the defendant knew four days before the expulsion that he had not received the notice. If the defendant, without such knowledge, had expelled Weinberg, it might have been argued, and perhaps with force, that the risk of the mail was upon him, under the by-laws, and the expulsion, in consequence, legal. But, with full knowledge that Weinberg had not received the notice, the defendant, without affording such a hearing as the law contemplates, expelled him from the society. The cases all hold that expulsion from a society, if a property right is involved, must be on notice. Downing v. Society, 10 Daly, 262; Loubat v. Le Roy, 40 Hun, 546, 552; People v. Independent Order Ahavas Israel, 13 Misc. Rep. 426, 34 N. Y. Supp. 675; Simmons v. Society (Sup.) 10 N. Y. Supp. 293. The registered letter in this instance was, at most, an attempted notice, not one calculated to enable the member to protect his property interest in the society, and was therefore unavailing as authority upon which to found a forfeiture. People v. McDonough, 8 App. Div. 591, 596, 35 N. Y. Supp. 214, 40 N. Y. Supp. 1147; Wachtel v. Society, 84 N. Y. 28, 38 Am. Rep. 478; People v. Musical Mutual Protective Union, 118 N. Y. 101, 108, 23 N. E. 129.

The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.