[No. 8959.  Department One.  December 6, 1910.]

THE STATE OF WASHINGTON, *on the Relation of C. H. Rowland et al., Appellant*, v. SEATTLE BASEBALL ASSOCIATION *et al., Respondents.*[1]

ASSOCIATIONS—MEMBERSHIP—EXPULSION—NOTICE—NECESSITY.    A league of baseball clubs or associations acts without jurisdiction in the expulsion of a member without notice and an opportunity to be heard; and the presence of the member without previous notice of the action does not confer jurisdiction, when such member does not consent.

ASSOCIATIONS— MEMBERSHIP— EXPULSION—BY-LAWS—REPEAL.    A section in a constitution of a league of baseball clubs or associations providing that the membership of a club may be terminated by a unanimous vote of the remaining clubs, while only a by-law, is not repealed by a resolution amending a one-year franchise granted by resolution so as to grant a franchise or membership for the term of five years; there being no reference to the constitution, and nothing to show that the resolution was unanimous.

ASSOCIATIONS—MEMBERSHIP—TERMINATION.    A baseball club may be deprived of its membership in a league under a clause in the constitution providing for the expulsion of a club on the unanimous vote of the other members if for business reasons the same appears desirable.

ASSOCIATIONS—MEMBERSHIP—REINSTATEMENT—MANDAMUS—WHEN LIES.    Where the membership of a baseball club in a league was illegally terminated without giving required notice, the courts will not by mandate enforce its reinstatement where it appears that it will be expelled on due notice, under a clause in the constitution authorizing such expulsion for business reasons, by a unanimous vote of the remaining members.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 11, 1910, denying an application for a writ of mandamus, after a hearing upon affidavits.  Affirmed.

*Bridges & Bruener*, for relators.

*Robertson & Miller, Cohn, Rosenhaupt & Blake*, and *Arthur E. Griffin*, for respondents.

[1]Reported in 111 Pac. 1055.

Gose, J.—This is an appeal from an order denying a writ of mandate, after a return to a show-cause order and a hearing upon the merits. The appellants are respectively the officers and trustees of the Aberdeen Baseball Association, an unincorporated club, having a large membership consisting of the citizens of the city of Aberdeen. The respondents, the Seattle Baseball Association, Spokane Recreation Company, and Vancouver Baseball Club, are corporations. The respondents George Schroeder, John Doe, and Richard Roe, are members of the Tacoma Athletic & Baseball Association, an unincorporated club. The Seattle, Spokane, Tacoma, and Vancouver associations are members of the Northwestern League of professional baseball clubs, an unincorporated association hereafter called the league. Prior to January 18, 1910, the Aberdeen club was also a member of the league. Section 8 of the constitution of the league provides that, "The membership of any club may be terminated  .  .  . by a unanimous vote of the remaining clubs, if for business reasons such membership shall no longer be desirable." On June 23, 1908, at a special meeting of the directors of the league, the several clubs being represented, the following resolution was passed and entered in the minutes:

"Resolved, That the Butte Baseball Club for the City of Butte, the Spokane Recreation Company for the City of Spokane, the Tacoma Athletic & Baseball Association for the City of Tacoma, the Seattle Baseball Association for the City of Seattle, the Aberdeen Baseball Club for the City of Aberdeen and the Vancouver Baseball Club for the City of Vancouver, be, and they are hereby, granted membership in this Northwestern League of professional baseball clubs, or franchises therein, from and after the 1st day of October, 1908, and the president is hereby directed to forward a certified copy of this resolution to each of said parties."

On the 6th day of February, 1909, at a special meeting of the league, the resolution quoted was amended by inserting the words "for five years," immediately preceding the words "from and after the 1st day of October." In the latter part

of the year 1908, a club in Portland, Oregon, was substituted for the Butte club, and given membership for the period of one year.

On January 10, 1910, the president of the league addressed a letter to the president of the Aberdeen club, notifying him that there would be a special meeting of the directors of the league at the city of Seattle on January 18, 1910, "for the purpose of selecting a city to fill the vacancy caused by the withdrawal of the Portland club," and specifying the place where and the hour when the meeting would be held. One of the objects of the league is "to establish and regulate the professional baseball championship of the territory of the Northwestern League." The board of directors of the league consists of the president and one representative from each club, chosen at the annual meeting. The constitution of the league provides that "special meetings may be called by the president of the league." It further provides that section 8, which we have quoted in part, "shall not be altered or amended except by a unanimous vote of this league." At the meeting held January 18, 1910, without notice other than the one we have set forth, the membership of the Aberdeen club in the league was terminated for business reasons, by the unanimous vote of the remaining clubs. The president of the Aberdeen club was present at the meeting, but protested against the action taken, insisting that the action of the league was not within the notice, and demanded a few days for consultation with the other members of his club. He also insisted that he could find a team to take the place of the Portland club.

The record discloses that baseball is a competitive game, and that, unless there are an even number of clubs in the league, there will at all times be one club that is not playing; that, when Portland withdrew, there remained only five clubs in the league; that it was impossible to get another club to take the place of Portland on terms that would be satisfactory to the clubs other than Aberdeen, or upon terms compatible

6—61 wash.

with business considerations; that business reasons demanded
that the membership of one of the clubs should be terminated,
and that from an earning standpoint Aberdeen was the least
desirable, and its membership was therefore terminated. The
evidence discloses that, when the membership of the Aberdeen
club was terminated, it had paid and obligated itself to pay
a considerable sum of money for players for the season of
1910.   The club was not self-supporting, but was kept up
by the voluntary subscription of the enterprising citizens of
the city of Aberdeen.

The respondents' first contention is that mandamus does
not lie in this class of cases, and that the appellants must
find their remedy, if they have any, in an action for damages.
Assuming, without deciding, that the remedy invoked by the
relators is a proper one, if they have been illegally deprived
of their membership in the league, we pass to a consideration
of other questions, which we think are controlling.

We think that it is fundamental that where a special meet-
ing is called by an organized body, reasonable notice of the
time, place, and object of the meeting must be given, and that
no business can be transacted that is not specified in the notice,
unless all members are present and give their consent.   We
think this is the rule, regardless of whether the by-laws of the
body require such notice.   A proceeding to terminate a mem-
bership in a club is an adversary proceeding and notice and
an opportunity to be heard on the particular inquiry must be
given.   Otherwise the body acts without jurisdiction.   4 Cyc.
308; 7 Thompson, Corporations, § 881; 3 Am. & Eng. Ency.
Law (2d ed.), 1073; *State ex rel. Cicoria v. Corgiat*, 50
Wash. 95, 96 Pac. 689.

In *Von Arx v. San Francisco Gruetli Verein*, 113 Cal. 377,
45 Pac. 685, it was held that the presence of a member who
was expelled without previous notice did not confer jurisdic-
tion, unless he consented to the proceeding.   A like rule was
announced in *Byram v. Sovereign Camp W. O. W.*, 108 Iowa
430, 79 N. W. 144, 75 Am. St. 265.   See, also, *Dubcich v.*

*Grand Lodge*, 33 Wash. 651, 74 Pac. 832.    It follows that the removal was illegal.

The appellants next contend that the constitutional provision which we have quoted, conferring authority upon the league to terminate the membership of the club, is in fact only a by-law, and that it was repealed by the amendment to the resolution giving the several clubs a membership for the period of five years, and that no power of removal exists in the league.    We acquiesce in the view that the constitutional provision is only a by-law, but we do not think that it was either amended, repealed, or waived: (1) because the constitution provides that the section set forth cannot be altered or amended except by a unanimous vote of the league, and the minutes do not show that the vote conferring membership for five years was unanimous; and (2) because there is no reference in the resolution to the constitutional provision, and it is apparent that there was no intention to change it.    The term of membership was intended to be, and is, subject to the removal clause in the constitution.    We think this is a sound construction.    When the amendment to the resolution was passed, Portland had been substituted for Butte and had been given membership for one year. It was apparent to the league that, when Portland's membership expired, there would remain but five clubs, that it might not be able to secure a sixth club upon satisfactory business terms, and that it was impracticable to have a membership of five clubs.

We think, under the constitution, the league had the power to terminate the membership, upon giving reasonable notice that it desired to do so.    It did not give the notice, and its acts were therefore illegal.    It does not follow, however, that we should direct the league to reinstate the Aberdeen club. A careful reading of the record discloses that such an order would serve no useful purpose.    The league could, and doubtless would, upon reasonable notice, terminate its membership in pursuance of its constitutional right.    It cannot, except at great financial loss, operate with an odd number of teams.

From a financial standpoint, the Aberdeen club was the least desirable. The writ "will not lie to compel such admission to a corporate franchise, when it is plainly apparent that the applicant, if admitted, will be immediately expelled, such a case being regarded as an eminently proper one for the exercise of judicial discretion by withholding the writ." High, Extraordinary Legal Remedies (3d ed.), § 287.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, and PARKER, JJ., concur.
FULLERTON, J., concurs in the result.