(77 Misc. Rep. 136.)

### GOLDBERGER v. UNITED STATES GRAND LODGE, ORDER BRITH ABRAHAM.

(Supreme Court, Appellate Term. June 21, 1912.)

1. INSURANCE (§ 751*)—MUTUAL BENEFIT INSURANCE—LAPSE IN PAYMENTS —NOTICE.

The general law for lodges of a fraternal insurance company provided that a member who had not paid his dues should be notified by the secretary by registered mail and that whenever any of the laws require notice to be mailed to any member such mailing should be sufficient, if addressed to the member at his last known place of residence or business. *Held*, that, though the secretary of the association knew that a member had moved from New York to Hungary, notice of his delinquency in payment of dues sent by registered mail to his late New York address was sufficient; the provisions not requiring actual notice and expressly making notice by mail sufficient.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1897–1902; Dec. Dig. § 751.*]

2. INSURANCE (§ 754*)—FRATERNAL BENEFIT INSURANCE—TENDER OF DUES.

Where a fraternal insurance order assesses illegal dues against a member, and includes them with the legal quarterly assessment, the member, to preserve his rights, is bound to tender the amount lawfully due.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1906; Dec. Dig. § 754.*]

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INSURANCE (§ 751*)—FRATERNAL BENEFIT INSURANCE—NOTICE.

 Under the by-laws of a fraternal insurance order, providing for notice to a member of delinquency in dues and that the regular dues for male members shall be a stated amount, and female members shall not pay any lodge dues, where a husband and wife were members of the association, and the husband was delinquent in his dues, the notice to the wife, though not specifying any amount as delinquent, was sufficient; the entire sum being mentioned in the mailed notice to the husband.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1897–1902; Dec. Dig. § 751.*]

 Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Goldberger against the United States Grand Lodge, Order Brith Abraham. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Goldfogle, Cohn & Lind, of New York City, for appellant.

Alfred B. Jaworower, of New York City, for respondent.

BIJUR, J. Plaintiff, a member of a fraternal order, sues for a death benefit alleged to be due to him by reason of the death of his wife, who was also a member of the order. The defense is default in the payment of dues, and the consequent striking off of the names of both plaintiff and his wife from membership in the order, after notice sent by the secretary in accordance with the constitution and by-laws of the order.

[1] The controversy turns upon the construction to be given to section 2, art. 7 of the "General Laws for Lodges":

"A member who has not paid his dues * * * shall be notified by the secretary of the lodge *by registered mail.*"

It is further provided that, if he fails to pay by the next meeting, he shall be stricken from the roll. In connection with this provision must be read section 15 of the same article:

"Whenever any laws may require notice to be mailed to any members, such mailing shall be sufficient *for all purposes* if addressed to the member at his last known place of residence or business."

It is conceded that, when the notices in the case at bar were mailed by the secretary by registered mail, they were addressed to the last known address of plaintiff and his wife, respectively, in this city, and that the secretary knew at the time he mailed the notices that both parties had gone to Hungary to live, but that he did not know their address there, nor the address of their son, who, plaintiff had told the secretary, would pay their dues. The learned judge below based his decision in favor of plaintiff exclusively upon the insufficiency of the notice under these circumstances. He interprets the language of section 2 to require actual personal notice, and cites as authority for his ruling the case of Weinberg v. Independent Order of A. I., 36

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Misc. Rep. 205, 73 N. Y. Supp. 150, which in turn cites Wachtel v. Noah, etc., Soc'y, 84 N. Y. 28, 38 Am. Rep. 478.

It seems to me that the interpretation of the language of this section by the court below fails to give any effect to the words "by registered mail." If the provision were intended to impose the giving by the secretary of actual notice in writing, it is apparent that it would be quite indifferent to the person to be notified whether he received such notice by registered mail, ordinary mail, or by hand. What, then, can be the significance of the qualification "notified * * * by registered mail"? It can be no other than a privilege to the secretary, so that, if the secretary notifies by registered mail, he is protected, and the notice constructively deemed sufficient, while the party to be notified has been warned in advance by the provision of the section that he must take due precaution, in the event of his removal, if he desires to receive his notice, either to have his mail forwarded, or to appoint some one in his place to receive and attend to his mail. This interpretation, moreover, is confirmed by section 15, to which the learned court below attached no weight.

I am aware that this reasoning may be regarded as in conflict with that adopted by this court in the Weinberg Case, supra, although it is possible to point out a difference between the phrase in the case at bar, "shall be notified by registered mail," and the language construed in the Weinberg Case, "after being notified thereof by a registered letter." Moreover, in the Weinberg Case there was no provision like section 15 hereinabove referred to. It is to be noted, however, that the Wachtel Case, upon which, in large part, the decision in the Weinberg was based, involved a provision reading:

"The secretary shall give to each member who is in arrears a written notice calling his attention to the fact."

The absence of the qualifying phrase "by registered mail," as well as of the saving provisions of section 15, is significant as pointing the distinction upon which I base my decision.

Other points raised by the respondent need not necessarily be decided. Nevertheless, it may be well to point out that these do not seem to be well grounded. He contends:

[2] (1) That the dues for which the expulsion was inflicted were not lawful, and that at least a part thereof was imposed for tickets for a benefit performance. While it is true that section 17 of article 14 of the constitution of the order permits the raising "for lodge purposes only of additional contributions," and that tickets for a benefit performance do not seem to be for a lodge purpose, nevertheless the balance of the assessment was the "regular quarterly dues" imposed by section 3, art. 4 of the by-laws of plaintiff's lodge, and, in order to save his rights, plaintiff should at least have tendered the amount lawfully due, as was done in Wright v. Knights of Maccabees, 196 N. Y. 391, 397, 89 N. E. 1078, 31 L. R. A. (N. S.) 423, 134 Am. St. Rep. 838.

[3] (2) That the notice addressed to the wife referred to no amount as due; but the entire sum was mentioned in the notice to the plain-

tiff. This, however, was in accordance with section 3, art. 4, of the by-laws, reading:

"The regular quarterly dues for male members shall be $4.25; female members do not pay any lodge dues."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs in result. SEABURY, J., dissents.