BERTHA MARKS, Plaintiff, v. UNITED STATES GRAND LODGE, ORDER OF BRITH ABRAHAM, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Second District, August, 1919.)

Fraternal and mutual benefit associations — who are members in good standing — action to recover a death benefit — when complaint dismissed.

The various lodges of a fraternal benefit order, whether subordinate or superior, form but one organization although individual lodges may have distinctive rights and liabilities.

Where the parent organization scrupulously followed its constitution in dealing with a subordinate lodge which had adopted a resolution to withdraw from the order, the rights of its individual members in the parent organization are forfeited.

In an action against the parent organization to recover a death benefit, it appeared that plaintiff's deceased husband was present at the meeting of his lodge at which a resolution to withdraw from the order was adopted; that the grand master of defendant sent notices to all the members of said lodge to the effect that their membership in the defendant had been terminated and requesting them to rejoin, and that plaintiff's husband did not avail himself of such invitation.  Thereafter the lodge was suspended; the faction adhering to defendant formed a new lodge and the seceding members, severing all affiliation with defendant, organized a membership corporation of which plaintiff's husband became a member. The day before he died his son, by palpable fraud, attempted to have his father reinstated in the new lodge and tendered payment of overdue assessments.  Upon dismissing the complaint upon the merits, *held,* that plaintiff's husband was not at the time of his death a member in good standing in the order, having deliberately forfeited his membership therein.

ACTION to recover death benefit.

Charles Liebling, for plaintiff.

Goldfogle & Dorf, for defendant.

SPIEGELBERG, J.   The plaintiff seeks to recover an endowment of $500 upon the death of her husband, Berel Marks.   Berel Marks was a member of State of New York Lodge No. 205, one of the subordinate lodges of the defendant.   Some time in June, 1917, a meeting was called of Lodge 205 to determine upon the withdrawal from the defendant.   Berel Marks had notice of the meeting and was present thereat.   At the meeting a resolution was adopted to withdraw from the defendant organization.   The subordinate lodge failed to make payment of assessments due to the defendant for July, 1917.   In August, 1917, the grand master of the defendant sent notices to the members of the subordinate lodge, including Berel Marks, to the effect that their membership in the defendant had been terminated and requesting the members of the lodge to rejoin the defendant.   An addressed postal card was enclosed in the communication upon which the loyal members were to signify their intention of re-joining the defendant.   Berel Marks did not avail himself of the invitation.   On October 3, 1917, Lodge No. 205 was suspended.   The faction adhering to the defendant formed a new lodge, known as No. 607, and were reinstated in the defendant organization, while the seceding members organized a membership corporation known as B'hai Israel Sick and Benevolent Society, Incorporated, and severed all affiliation with the defendant organization.   Berel Marks became a member of the latter corporation.   He died November 7, 1917.   On November 6, 1917, his son approached the

Municipal Court of New York, August, 1919.    [Vol. 108.

secretary of Lodge No. 607 requesting the reinstatement of his father and tendered the overdue payments. It is not necessary to discuss that phase of this case any further than to state that I held upon the trial that a palpable fraud was attempted upon the defendant by seeking the reinstatement while Berel Marks was in the hospital suffering from a fatal disease. The question to be determined in this case is whether the secession of Lodge No. 205 and its suspension by the defendant forfeited the plaintiff's right to an endowment upon the death of her husband. It is a general rule that the various lodges, whether subordinate or superior, form one organization, although individual lodges may have distinctive rights and liabilities. I Bacon Life & A. Ins. (4th ed.) § 95. Accordingly if there was a secession of Lodge No. 205 from the defendant the members of the lodge forfeited all their rights in the parent organization. *Grand Lodge Knights of Pythias* v. *Germania Lodge,* 56 N. J. Eq. 63.

It is quite true as claimed by the plaintiff that the property rights of members, upon the withdrawal of a subordinate lodge, depend upon the charter and constitution of the parent organization and of the subordinate lodge. 7 C. J. 1114. I am of the opinion that the provisions of the constitution of the defendant were scrupulously followed in dealing with the subordinate lodge and the members thereof. The inhibition in the defendant's charter that no lodge can be dissolved voluntarily so long as ten of its members in good standing object thereto does not avail the plaintiff. Assuming that ten members objected to the resolution of dissolution this provision was broken, not by the defendant, but by the seceding lodge. Members who took part in the secession cannot take advantage of this provision. Not they, but the loyal dissenting members could have claimed to be consid-

ered as still constituting the subordinate lodge and objected to the voluntary dissolution. *Sabourin* v. *Lippe*, 195 Mass. 470. Moreover, it was incumbent upon the plaintiff to show that there were ten dissenting members in favor of the continuance of the lodge. *Koerner Lodge* v. *Grand Lodge Knights of Pythias*, 146 Ind. 639. The provision in question was made for the benefit of loyal members to prevent a dissolution if they so chose, but cannot be construed as giving those who took part in the violation of this provision the right to claim a disaffirmance of their act whenever it might suit them. Berel Marks had ample opportunity to re-join the defendant. Instead, he joined a hostile organization. The plaintiff will not now be heard to say that a voluntary dissolution of Lodge No. 205 has not taken place.

The fatal objection to plaintiff's recovery is that the deceased, her husband, was at the time of his death not a member in good standing. The abortive attempt of his son to gain reinstatement is conclusive proof that he was fully aware of the fact that his membership in the defendant had ceased.

The plaintiff also objects that the call of the defendant upon Lodge No. 205 for assessments required a larger amount than actually due. Assuming this to be so, the decedent could not refuse to pay the entire amount and should have tendered such as he was legally obliged to do. *Goldberg* v. *United States Grand Lodge*, 77 Misc. Rep. 136.

I have carefully examined the facts with a view of determining whether there was any illegal infringement upon the plaintiff's rights and have determined that the defendant has acted within the letter and the spirit of its constitution. This is not a case where the plaintiff has been deprived of her rights by a literal enforcement of the provisions of the defendant's

charter. Her husband deliberately forfeited his membership. The plaintiff has no cause for complaint. Both the law and the equities of the case are with the defendant. The complaint is dismissed on the merits.

Judgment accordingly.