### B. LIVINGSTON *against* KANE and others.

*December* 29. A creditor filed a bill to set aside, or to obtain relief against a judgment confessed by his debtor in the Supreme Court, on the ground of fraud, and obtained an injunction to stay all proceedings on the judgment ; and while the suit was pending in this court, he proceeded at law, and recovered judgment against his debtor, and issued execution thereon, under which the property of the debtor was advertised for sale. · The court refused to dismiss the bill, on the petition of the defendants ; but ordered the plaintiff to make his *election*, either to stay his execution at law during the continuance of the injunction, or consent to have the injunction dissolved ; and the plaintiff refusing to make an election, the injunction was forthwith dissolved.

PETITION of the defendants, stating that the plaintiff, in behalf of himself, and such other creditors of the defendant, *James Kane*, as should come in and contribute to the expense of the suit, on the 27th of *August* last, filed his bill against the defendants, for relief, &c. That an injunction was, on the same day, issued, enjoining the defendants, (except *J. K.*) not to proceed to execution on a judgment mentioned in the said bill, against the estate of the said *J. K.*, nor to a sale on any execution already issued. That all the defendants answered the bill on the 20th of *September* ; but the plaintiff, notwithstanding the said suit and injunction, has prosecuted his suit at law in the Supreme Court against *J. K.*, and is proceeding, under an execution, to sell the real estate of *J. K.*, and had ad-

vertised it for sale in *Albany*, on the 31st of *December* in-
stant. The defendants *prayed* that the plaintiff might be
compelled *to elect* to proceed in this court, or in the Su-
preme Court, and that, in the mean time, all the proceed-
ings be stayed ; and that if the plaintiff should elect to
proceed in this court, that he be restrained from proceeding
at law ; but if he should elect to proceed at law, or should
not make his election within *eight* days, &c. that then the
bill should be dismissed, with costs.

It appeared from the pleadings in the cause here, that
*John Kane* and *James Kane* were indebted to the plaintiff,
by two several bonds, one dated the 27th of *October*,
1814, for 20,000 dollars, and the other for 15,600 dollars,
dated the 11th of *April*, 1815, on which the plaintiff had
commenced separate actions in the Supreme Court. That
*John* and *James K.* had stopt payment, and were believed
to be insolvent. That *James K.* on the 10th of *May* last,
confessed a judgment in the Supreme Court, in favour of
the other defendants, *Charles Kane*, *Oliver Kane* and *Dirck
Van Schellyne*, for 350,000 dollars, which judgment the
plaintiff charged to be fraudulent and void, inasmuch
as it gave those defendants an unjust preference over the
other *bona fide* creditors of *James K.*, or if not void on
that account, the judgment was for a much larger sum
than was really due to them, and was confessed for the pur-
pose of enabling them, at the sheriff's sale under an exe-
cution, to purchase, for a very inadequate consideration,
all the real estate of *James K.*, which was worth, in their
estimation, more than 500,000 dollars; and that the plain-
tiff believed that these defendants were not actual credi-
tors of *James K.* at the time the judgment was confessed,
but were only under some responsibilities for him, and
that to an amount far less than the judgment. The plain-
tiff prayed that the defendants (except *James K.*) might be
decreed to enter satisfaction of the judgment, if it should
appear to be fraudulent, and if not, that they might not be

permitted to recover on it more than what was really and fairly due to them, so as to make the least possible sacrifice of the real estate of *James K.*, and also for an injunction, which was granted. The *answers* of the defendants stated, that the judgment against *James K.* was taken and entered up in good faith, and *for bona fide* debts and responsibilities; that a small part of the consideration was for debts due to them individually, and the greater part for, and in behalf of *cestuy que trusts*, or creditors of *James K.* for whom they had become sureties.

The *supplemental bill* of the plaintiff, filed the 24th of *October* last, stated, that the plaintiff had obtained and entered up judgment in the Supreme Court on the two bonds of *James Kane* to him; that he had issued executions on the judgments, and delivered the executions to the sheriff of *Albany*, who had levied on the real estate of *James Kane*, and advertised it for sale.

An affidavit of the plaintiff was read, stating, that on the 18th of *October* last, *John & James Kane*, agreed with the plaintiff that he might issue executions against their property, on the said judgments, and that under that agreement the executions were delivered to the sheriff of *Albany*.

*Henry*, in support of the petition. He cited 1 *Har. Pr.* 261. *Mitf. Pl.* 200. *Cooper's Eq. Pl.* 276. 1 *Vesey*, jun. 591. 2 *Turner. Ch. Pr.* 615.

*R. Sedgwick*, contra. He cited, 3 *P. Wms.* 90. 2 *Atk.* 119. 1 *Vesey*, jun. 159. 2 *Vern.* 32.

THE CHANCELLOR. This is not the ordinary case of an election. The plaintiff is not prosecuting the defendants here and at law, "for one and the same matter or demand," according to the language of the books in such cases. He has no suit at law existing against any of the

1817.

LIVINGSTON
v.
KANE.

defendants, except *James Kane*, and his counsel admit that his name is used in the suit in this court, *pro forma* merely, and is willing to have it struck out of the record. The suit at law is a judgment against *James Kane*, for a debt not in dispute, and the plaintiff is endeavouring to raise the debt by execution. The object of the suit here is to set aside as fraudulent a prior judgment, which the defendants, as creditors of *James Kane*, have obtained against him. The integrity or validity of that prior judgment is not questioned in the plaintiff's suit at law; nor does any proceeding under the plaintiff's judgment at law necessarily disturb it. But the hardship of the case consists in this, that the defendants are restrained by the plaintiff's suit here, and the injunction which he has procured, from pursuing their execution on their judgment at law, while he is continuing his remedy there, and seeking advantages, by an intermediate sale of the debtor's property. If that property be personal, he gains, by the sale of it, a direct advantage over his rival creditors, whom he has, in the mean time, held fast by process from this court. If the real estate be sold, he gains the legal title under his junior judgment, and will be enabled to take possession of the lands, and to enter upon the enjoyment of the rents and profits. Such advantages ought not to be gained by means of the process of this court. The plaintiff ought to be content to let the defendants have an equal chance with him at law, or else to suspend his execution also, until the question of fraud, which has been raised by the bill, and denied by the answers, shall have been decided. I have no hesitation, therefore, in putting the plaintiff to his immediate election, either to stay his execution at law, or to have the injunction dissolved.

But I do not perceive the necessity or the propriety of going further, until the cause has been brought to a hearing I see no reason why the defendants should insist, also, upon the dismissal of the bill. The plaintiff is not trying

the validity or consideration of their judgment, by any suit at law; he appears to me to have a right to continue his inquiry here until the cause shall have been brought to a regular decision. In *Barker* v. *Dumaresque*, (2 *Atk.* 119.) Lord *Hardwicke* distinguished that case from one to which the ordinary rule to elect applied, and he allowed the plaintiff to proceed at law to judgment against the administrator for the debt, and, at the same time, to proceed in Chancery for the discovery and account of assets. The principle on which the suit at law and the suit in equity, at the same time, for the same cause, is prohibited, is the "double vexation," as it is expressed in Lord *Bacon's* rules on this subject; and by one of Lord *Clarendon's* rules, a suit pending at law for the same matter, was a good plea in bar to the suit in Chancery. So, in *Mocher* v. *Reed*, (1 *Ball and Beatty*, 318.) Lord *Manners*, in explaining the reason of the rule on this subject, and which now requires an election instead of a plea, observes, that "it would be utterly inconsistent with the ends of justice, to permit a party to proceed in this court, and at law, at the same time, for the same demand; for the jury may find a verdict one way, and the Master make a report a different way, which would occasion such a clashing of jurisdiction, as never could be endured." It is quite apparent, from this explanation and history of the rule, that the present case is not within it, to the extent of requiring the bill to be dismissed. There is no "double vexation," by the continuance of the suit here.

I shall do no more, therefore, under the present motion, than to call upon the plaintiff, to elect and agree forthwith, either to stay his execution at law during the continuance of the injunction, or that the injunction be dissolved. The question of costs upon this application, and all other questions will be reserved until the hearing.

The following rule was entered: "Ordered, that the plaintiff, by his counsel, forthwith elect and agree either to

stay his execution at law, in the said petition mentioned, during the continuance of the injunction heretofore issued in this cause, or that the said injunction be dissolved. And the said plaintiff, by his counsel, having declared before the Chancellor, that he should not consent or elect to. stay the execution at law : It is thereupon further ordered, that the said injunction be dissolved, and the question of costs upon this application, and all other questions, are reserved until the hearing."