PETITION OF HORATIO A. HUNT, Administrator, *et al.* FOR AN OPINION OF THE COURT.

The rule that as between the real and personal representatives the personalty is the primary fund for the payment of debts extends to debts secured by a mortgage on realty when the encumbrance was created by the deceased himself : If, however, the estate was already mortgaged when it was acquired by the deceased, then the estate is the primary fund for the payment of the mortgage debt unless the deceased has so dealt with the debt as to make it his own personal debt.

R. purchased an estate subject to a mortgage, and assumed the payment of the mortgage by a clause in the deed to him as follows : " Said premises are subject to a mortgage of twenty-five thousand dollars ($25,000) to the Mechanics Savings Bank payment of which is assumed by this grantee."

*Held*, that the assumption of the mortgage by R. was equivalent to a covenant with his grantors to indemnify them against the mortgage debt, or to pay the debt, but did not sufficiently show an intention to transfer the debt from the estate to himself, as between his real and personal representatives.

Subsequently the Mechanics Savings Bank transferred the mortgage to the Citizens Savings Bank, R. as a consideration therefor signing an agreement on the back of the notes as follows: " Waiving demand, notice and protest, I hereby guarantee the full payment of the within note ; future payments of principal or of interest in renewal thereof not releasing me as indorser."

*Held*, that R.'s guaranty being merely a collateral undertaking not affecting the original agreement between the mortgagor and the holder of the mortgage, was not a sufficient manifestation on R.'s part as between the real and personal representatives of R. to transfer the debt from the real estate on which it was charged to the personal estate.

*Held*, further, that R.'s administrator should not pay the mortgage debt out of the personalty which may come to his hands.

CASE stated for an opinion of the court under the Judiciary Act, cap. 20, § 24.

*June* 29, 1895.   MATTESON, C. J.   This is a case stated for the opinion of the court.   Rowland L. Rose, died intestate September 19, 1894, seized and possessed of a parcel of land on

the southwest corner of Bridgham and Greenwich streets in Providence, particularly described in the petition. This parcel of land was formerly owned by Dexter N. Knight who mortgaged it to the Mechanics Savings Bank to secure the payment of his note for $25,000, dated January 23, 1869. On February 13 following, Knight conveyed the equity of redemption in the mortgaged property to Gorham Thurber who assumed the payment of the mortgage and guaranteed the payment of the mortgage note by a guaranty written on its back. The trustees of the estate of Thurber conveyed the property to Rose subject to the mortgage by deed dated May 11, 1889. The consideration named in this deed was $10,000, which was the sum paid by Rose for the equity of redemption. He also assumed the payment of the mortgage by a clause in the deed to him as follows : "Said premises are subject to a mortgage of twenty-five thousand dollars ($25,000) to the Mechanics Savings Bank payment of which is assumed by the grantee." On July 22, 1889, the Mechanics Savings Bank transferred the mortgage to the Citizens Savings Bank. Rose thereupon as a consideration for the transfer signed an agreement on the back of the note as follows : "Waiving demand, notice and protest, I hereby guarantee the full payment of the within note ; future payments of principal or of interest in renewal thereof not releasing me as indorser." The interest on the note has been paid to January 23, 1895. The administrator, widow and heirs at law of the deceased have concurred in stating the foregoing facts to obtain the opinion of the court on the question whether the heirs are entitled to have the mortgage paid out of the personal estate in exoneration of the real, or whether the real estate descended to them subject to the incumbrance of the mortgage.

The general rule as between the real and personal representatives is that the personalty is the primary fund for the payment of debts : and this rule is not changed by the fact that the debt is secured by a mortgage on the realty given by the deceased. *Gould* v. *Winthrop*, 5 R. I. 321 ; *Atkinson* v. *Staigg*, 13 R. I. 725 ; 2 Williams on Executors, 1042. The rule extends, however, only to encumbrances

created by the deceased himself; if the estate has come to him already mortgaged, the estate is the primary fund for the payment of the debt and on his death passes to his devisee or heir at law subject to the incumbrance, unless he has so dealt with the mortgage debt as to make it his own personal debt. *Gould* v. *Winthrop*, 15 R. I. 321. The question, then, resolves itself into this: Did the deceased, purchasing the equity of redemption, by assuming the payment of the mortgage debt in the manner stated, or by guaranteeing the payment of the note on the transfer of the mortgage from the Mechanics Savings Bank to the Citizens Savings Bank, make the mortgage debt, as between his real and personal representatives, his personal debt?

. The assumption of the mortgage by Rose was equivalent to a covenant with his grantors to indemnify them against the mortgage debt, or to a covenant with them to pay the debt. *Mount* v. *Van Ness*, 33 N. J. Eq. 262, 265. Entering into covenants like these, it is held, does not sufficiently show an intention on the part of the purchaser to transfer the debt from the estate to himself, as between his heir and executor or administrator, to have that effect. *Evelyn* v. *Evelyn*, 2 P. Wms. 664; *Tweddell* v. *Tweddell*, 2 Bro. Ch. 101, 152; *Woods* v. *Huntingford*, 3 Ves. 128; *Butler* v. *Butler*, 5 Ves. 534; *Waring* v. *Ward*, 7 Ves. 332; *Earl of Oxford* v. *Lady Rodney*, 14 Ves. 417; *Barham* v. *Earl of Thanet*, 3 Myl. & K. 607; *Duke of Cumberland* v. *Codrington*, 3 Johns. Ch. 228; *Keyzey's Case*, 9 Serg. & R. 71, 73; *Mount* v. *Van Ness*, 33 N. J. Eq. 262. And the rule is the same even though the purchaser has rendered himself liable at law to the mortgagee for the payment of the mortgage debt. *Duke of Cumberland* v. *Codrington*, 3 Johns. Ch. 229.

Nor was the guaranty on the back of the note by Rose sufficient to manifest an intention on his part to make the debt his own in such wise as to change the natural course of assets. It was merely a collateral undertaking in no way affecting the original contract between the mortgagor and the holder of the mortgage, which remained after the guaranty precisely as before.

· To have the effect of transferring the debt from the estate on which it is charged to the personal estate, the dealing between the purchaser and the mortgagee must go to the length of changing the terms of the original contract so as virtually to constitute a new contract; as for instance, arranging for different times or modes of payment, or for an additional loan with a new mortgage including the old as well as the new loan, &c. *Billinghurst* v. *Walker*, 2 Bro. Ch. 603; *Woods* v. *Huntingford*, 3 Ves. 128; *Waring* v. *Ward*, 7 Ves. 332; *Earl of Oxford* v. *Lady Rodney*, 14 Ves. 417; *Barham* v. *Earl of Thanet*, 3 Mylne & K. 607; *Cressy* v. *Willis*, 159 Mass. 249; 2 Jarman on Wills, 1449.

We are, therefore, of the opinion, 1, that the estate described in the petition descended to the heirs at law of Rowland L. Rose charged with the burden of the mortgage for $25,000; 2, that he did not by assuming payment of the mortgage nor by guaranteeing payment of the mortgage note charge his administrator with the payment of the mortgage debt; 3, that the administrator will not be justified in paying the mortgage debt out of the personal estate which may come to his hands.