HANNAH CORNFIELD v. ORDER BRITH ABRAHAM.[1]

April 27, 1896.

Nos. 9780—(35).

**Association—By What Name Sued.**

Any association of persons transacting business by a common name may be sued by such name. G. S. 1894, § 5177.

**Benevolent Association—Membership—Burden of Proof.**

Where a fraternal or benevolent association issues a certificate of membership which, by its terms, is to continue in force so long as the member complies with the rules of the association, the presumption is that it continues until the contrary is made to appear; and, if the membership has ceased, the burden is on the association to prove it.

[1] Reported in 66 N. W. 970.

Action in the district court for Ramsey county. The court, Egan, J., directed a verdict in favor of plaintiff for $519. From a judgment entered pursuant thereto defendant appealed. Affirmed.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

*B. H. Schriber* and *Kueffner, Fauntleroy & Rice,* for respondent.

MITCHELL, J. This action was brought by the plaintiff, as beneficiary of a certificate of membership alleged to have been issued to her husband by the defendant. The certificate was to the effect that her husband was a member of Solomon Lodge No. 114, "of the Order Brith Abraham," and entitled to the benefits provided for by the laws of the order; that it was granted and issued to him upon condition that he in the future complied with all the laws, rules, and regulations of either his own subordinate lodge or the "United States Grand Lodge of the Order Brith Abraham, or its executive committee"; "that, the above condition complied with," the "Order Brith Abraham agrees to pay from moneys collected for endowment benefits, by its endowment committee, as speedily as possible, the sum of five hundred dollars upon the death of said brother," to the beneficiary named and provided for in the by-laws of the order. The concluding clause of the certificate was as follows: "In witness whereof, the United States Grand Lodge of the Order Brith Abraham has hereunto affixed its seal, and caused this certificate to be subscribed by its grand master, and attested to and recorded by its grand secretary." Then followed the subscription and attestation, respectively, of these two officers. It is conceded that plaintiff's husband had died, and that she was the beneficiary of the certificate if it still remained in force.

The complaint alleged that defendant was a corporation organized under the laws of New York. The defendant appeared by the name by which it was sued (the Order Brith Abraham), and answered, denying that it was a corporation, and alleging that it was an unincorporated fraternal order, composed of a large number of individuals, none of whom were parties to the action, and that, for this reason, there was a defect of parties defendant; that said individuals are organized into unincorporated subordinate lodges, which are affiliated with the United States Grand Lodge of the Order Brith Abraham, whose name and seal are affixed to the

certificate, and which is a corporation organized under the laws of New York. The answer further alleged that the deceased had, in his lifetime, been stricken from the rolls for the nonpayment of dues, and was not a member of the order at the time of his death.

We agree with counsel for defendant that the "fluid" state, as he terms it, is the condition of many of these benevolent and fraternal associations. Their organization, as well as manner of doing business, is usually so informal that it has been the plague of the courts to define their character or construe their contracts. As near as we can make out from the very meager record before us, the Order Brith Abraham is a mere voluntary and unincorporated association of individuals, who are grouped together in numerous subassociations, called "lodges"; that the grand lodge, composed of delegates from these local lodges, is incorporated for the purpose of acting as the agent of the order in issuing certificates of membership, and receiving and disbursing the funds contributed by the members of the association or order, in accordance with its rules or by-laws.

1. If we understand defendant's first defense, it is—First, that an unincorporated voluntary association cannot be sued as such, that the suit should be against the individuals composing it; second, that the certificate was the contract of the "Grand Lodge of the Order Brith Abraham," and not of the "Order Brith Abraham." Neither point is well taken. The obligation of the certificate is that the "Order Brith Abraham" will pay; and no question is made as to the authority of the grand lodge to issue the certificate in behalf of the order. The defendant contracted by the name of the "Order Brith Abraham," and it appears and answers by that name. It held itself out and contracted under the name by which it was sued, and it is wholly immaterial whether it is a corporation or a mere voluntary association. Perine v. Grand Lodge A. O. U. W., 48 Minn. 82, 50 N. W. 1022. Being the latter, it may be sued by the common name under which it transacted business. G. S. 1894, § 5177.

2. It being admitted that the certificate of membership had been duly issued, the presumption would be that it continued in force. If the deceased had been suspended or expelled from the order for

nonpayment of dues, the burden was on the defendant to prove it. There was an entire absence of competent evidence either that defendant had defaulted in the payment of dues, or that he had been suspended or expelled from the order.

Judgment affirmed.