SLAUGHTER et al. v. LA COMPAGNIE FRANCAISES DES CABLES TELEGRAPHIQUES.

(Circuit Court of Appeals, Second Circuit. December 2, 1902.)

No. 28.

1. CONTRACTS—BREACH—ELECTION OF REMEDIES.
    A party to a contract, who has brought an action at law for its breach, and prosecuted the same to a judgment for damages, cannot thereafter maintain a suit in equity to enforce specific performance.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the circuit court, Southern district of New York (113 Fed. 21), sustaining a demurrer to the bill, and dismissing same, with costs.

Adalter Artz, for appellants.

Edw. K. Jones, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

LACOMBE, Circuit Judge. The bill sets forth a written contract between the parties, by the terms of which defendant agreed to execute a lease for 99 years to complainants of certain cable lines and franchises upon complainants' fulfillment of certain conditions,—notably, the beginning work on certain repairs within 45 days, and prosecuting the same to the extent of $10,000. It is expressly provided in the contract that it shall be null and void unless, within 45 days from its execution, complainants should commence the work of repairs, and within the same period pay to defendant any sum expended or agreed to be expended in the repairs in the contract contemplated, not to exceed $5,000. The bill alleges that within the 45 days complainants tendered $10,000 to the defendant, but does not aver that they commenced the work of repairs within the same period; that thereupon defendant refused to accept the $10,000, or to carry out the terms of the contract, viz., to execute the lease. Wherefore specific performance is prayed. The bill further avers that heretofore complainants brought in this court a common-law action for damages for the breach of the same contract, specific performance of which is now prayed; that said action proceeded to trial and judgment upon a verdict sustaining the validity of said contract, and "awarding the plaintiff, by direction of the court, nominal damages, said court having held that no substantial damages for breach of said contract could be assessed at law."

The circuit court, in deciding the demurrer, held that, in view of the judgment between the parties in the common-law action, the question was no longer open whether the failure both to pay (or tender) and to begin work within the 45 days avoided the contract. The more serious difficulty with complainant's claim, however, is that he not only elected to sue at law for breach of the contract, but actually prosecuted that suit to final judgment in damages. One cannot have damages

¶ 1. See Election of Remedies, vol. 18, Cent. Dig. § 17.

for the breach of a contract, and a decree also for its specific performance. Not because the remedies are inconsistent. On the contrary, they are alternative. Both are in affirmance of the contract, and, indeed, remedy in both forms might be sought in one and the same action. Connihan v. Thompson, 111 Mass. 270. The beginning, therefore, of an action at law for damages, or of a suit in equity for specific performance, does not operate as a decisive act, which determines the rights of the parties once for all. But if the plaintiff institute separate actions, he cannot carry both to judgment and satisfaction, and may be compelled by order of the court, at any stage of the proceedings, to elect which he will further prosecute. Rogers v. Vosburgh, 4 Johns. Ch. 84; Livingston v. Kane, 3 Johns. Ch. 224. In Fox v. Scard, 33 Beav. 327, defendant had contracted not to carry on the business of surgeon at a particular place for a certain period of time, and had executed a bond in the penal sum of £1,000, conditioned to the same effect. It was held that a recovery of damages at law would bar his prosecution of a suit in equity for an injunction. To the same effect is Sainter v. Ferguson, 1 Macn. & G. 286. Defendant here relies on a dictum in Fox v. Scard referring to former practice in equity, where the legal right was in doubt, under which the court used to direct an action to try the right. If plaintiff merely established his right, and took nominal damages, he obtained equitable relief; but, if he sought and obtained substantial damages, the court, when he came back, dismissed his bill, saying, "You have already had your remedy at law." But the case at bar is not parallel. Plaintiff has not been directed or allowed by a court of equity to try the single issue of legal right in a court of law. In his action at law he sought for damages,—actual not nominal damages. Modern practice does not allow a party to bring an action at law, not for damages, but to establish some single issues in the controversy, such as validity of contract, breach of it, or what not, and then, having determined those issues in one action, to bring a second action for the relief appropriate to the facts found in the first one. If he sues at law for a breach, he is entitled to recover the damages he has sustained by such breach; and recovering them, whether their amount be large or small, bars him from insisting thereafter in equity that defendant perform the contract. If, as the trial of the action at law progresses, plaintiff discovers that the evidence is not likely to secure him sufficient damages, he should apply to withdraw a juror, so as to leave himself free to apply thereafter for equitable relief. In the cause at bar he was warned by the ruling of the trial judge, before it was sent to the jury, that he could not expect substantial damages. When after that he persisted in going on to verdict and judgment, he made an election which he cannot now repudiate.

Some weight is sought to be laid on the language attributed to the trial judge in the averments of the complaint as to the disposition of the action at law,—that the court held "that no substantial damages for breach of said contract could be assessed at law." Certainly the court did not hold, as a general principle, that, for the breach of a contract to lease personal property, substantial damages could not be assessed in an action at law. Nor does the language above quoted im-

port that any such ruling was made. The broadest permissible construction is that the court held that, in the particular case presented to it, when both sides rested, and the proofs were closed, no substantial damages for breach of contract could be assessed by the jury. That result not infrequently happens when there has been a failure to marshal evidence sufficient to give the jury some basis of arriving at a conclusion which they can fairly express in figures. If such failure result from plaintiff's neglect to gather available proof, it is his fault; if it result because such proof is not to be had, it is his misfortune; but if, because of such failure, he reaches the conclusion that he can better his condition by seeking equitable relief, it behooves him to make his election and terminate his action for damages before it goes to verdict and judgment.

The decree of the circuit court is affirmed, with costs.