ESTHER H. ALEXANDER, Formerly Esther H. Parsons, v. THE GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Appellant.

Insurance: PLEADINGS: SUFFICIENCY OF. OBJECTION TO.    An
1 objection to pleadings that they do not comprehend the questions presented to the jury must be raised upon the trial or by motion in arrest of judgment, and not for the first time on appeal.

Waiver of Proofs of Loss: WHAT CONSTITUTES.    Where an officer
2 of an assessment insurance company has authority to waive proof of loss, and writes a letter in which he says the claim is invalid by reason of the suspension of the member but makes no objection for failure to make proof of loss, the same is waived.

Waiver of Fraud: ACCEPTANCE OF DUES: EVIDENCE.    Where an assess-
3 ment company accepts membership dues through its authorized officer, it is estopped from denying the validity of the certificate on any ground which would have justified a refusal of such dues at the time offered, provided the association, through its officer, knew or had notice of such facts as would charge it or its officer with knowledge of the invalidity of the certificate. Evidence examined and held sufficient to constitute a waiver of the fraud charged.

Depositions: OFFER OF PART ONLY: REVERSIBLE ERROR.    Per-
4 mission to introduce parts of depositions will not constitute reversible error, where it appears that the portions not offered are immaterial or where no prejudice arises.

Evidence: ADMISSION OF DECREE ONLY.    A duly authenticated de-
5 cree of divorce is admissible in evidence, though not accompanied by the entire record.

Allowance of Interest: TENDER.    Where the defendant contends
6 that it is not liable on the certificate of insurance, legal interest should be allowed, though plaintiff is a nonresident and no tender could be made within the state.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, FEBRUARY 7, 1903.

ACTION on a certificate in a mutual benefit or fraternal association. Verdict for plaintiff. From judgment thereon defendant appeals.—*Affirmed.*

*J. D. & C. Nichols* for appellant.

*D. E. & G. T. Lyon*, *G. V. Menziers* and *Mullan & Pickett* for appellee.

McCLAIN, J.—This is a second appeal. See *Parsons v. Grand Lodge*, 108 Iowa, 6. Since the action was brought plaintiff has remarried, and the case is now prosecuted in her present name. The issues and evidence were not the same on the second trial as on the first, and it will be necessary to restate the case. In October, 1892, a certificate in the defendant order was issued to Frank H. Parsons, in which Ada H. Parsons was named as beneficiary. In December, 1893, Parsons made application to the grand recorder to have the certificate made payable to Esther H. Parsons, bearing to him the relation of wife, stating in his letter in which the change was asked that he had secured a divorce from his former wife. In 1894, plaintiff, having ascertained that at the time the certificate for her benefit was issued Parsons had not been divorced from his former wife, but having information that subsequently a divorce had been granted as against him, she then living with him, and being recognized by him as his lawful wife under a common-law marriage (her former marriage to him being supposed to have been celebrated while he was lawfully married to another woman), had a conversation with the financier of the local lodge of which Parsons was a member, in which she referred to the fact that such divorce had been secured, and that she had become the lawful wife of Parsons by a common-law marriage, and asked whether she should continue to pay the assessments, saying that she did not wish to do so if the

certificate was not valid.    The financier directed her to continue to pay assessments in order to keep the certificate alive, and this she did until Parsons' death in 1895.

I.    Counsel for appellant argue that as to various material matters the pleadings are not sufficient to raise the questions presented to the jury, but we do not find it necessary to go into these questions.    The case was tried on the theory on which it was submitted.    If the pleadings were not sufficient, objection thereto should have been taken at the proper time.    It is too late now to urge for the first time that they were defective.    We have no disposition to encourage the practice of trying a case on the facts, and, after a verdict, attempting to go back to pick flaws in the pleadings.    If the pleadings are so radically defective that the successful party is entitled to no relief whatever, then the question can be raised by motion in arrest of judgment.    Otherwise we have no inclination to interfere.

*1. PLEADINGS: sufficiency of: when considered.*

II.    It being conceded that no proofs of loss were furnished, the question arises whether proofs were waived. For the purpose of showing a waiver, a letter from the grand recorder of the defendant order to the attorney of plaintiff was received in evidence, over defendant's objection, in which the recorder notified plaintiff, through her attorney, that there was no valid claim against the defendant, for the reason that Parsons had been suspended by the local lodge of which he was a member.    No objection on account of failure to make proofs of loss was suggested in this letter. There is no question but that this letter constituted a waiver of proofs of loss if the grand recorder had authority to waive.    It appears that, while the finance committee of the defendant order had authority to pass on proofs of loss, yet that it did so only when the proofs were submitted to it with the signature of the grand master and grand recorder.    As it was, therefore, evidently necessary that

*2. WAIVER of proofs of loss: what constitutes.*

the grand recorder should act in determining whether the proofs of loss were sufficient, we have no question that he had authority to waive a presentation of proofs.

III.    The principal defense relied on by appellant was fraud in the procuring of the second certificate, such fraud consisting in the representation that plaintiff was

3. WAIVER of fraud: acceptance of dues: evidence.

Parsons' lawful wife, whereas at that time Parsons was still the husband of a previous wife; and, further, that Parsons represented himself to be divorced from his former wife, when, as a matter of fact, no such divorce had been granted.    To overcome this defense, plaintiff relies upon a waiver of the fraud, with knowledge thereof arising from the statement of plaintiff to the financier of the subordinate lodge, and subsequent payments of dues by the direction of such financier, as already described.    It is first contended that the financier is not shown to have had any authority to waive the fraud, but it appears beyond question that he did have authority to collect dues, and was the regular officer to whom dues were payable.    One asserting the right to pay under a valid certificate, and allowed to do so by the officer having authority to determine whether or not such payments should be received, is certainly justified in relying on the statements of such officer, and the association is estopped from insisting by way of defense on any fact which would have been a proper ground for refusing, when the dues are offered, to recognize the certificate as valid, provided such fact is known to the association through such officer, or there is such notice of the fact as to charge the association or its officer with knowledge thereof. *Supreme Lodge v. Davis*, 26 Colo. 252 (58 Pac. Rep. 595); *Order of Columbus v. Fuqua*, (Tex. Civ. App.) 60 S. W. Rep. 1020; *High Court v. Schweitzer*, 171 Ill. 325 (49 N. E. Rep. 506); *Coverdale v. Royal Arcanum*, 193 Ill. 91 (61 N. E. Rep. 915); *Supreme Tent v. Volkert*, 25 Ind. App., 627 (57 N. E. Rep. 203).

Counsel for appellant pursue an ingenious line of argument as to what the grand recorder, to whom the fraudulent representations as to the prior divorce and as to plaintiff being the lawful wife of Parsons were made. when the new certificate was issued, would have understood had the financier of the subordinate lodge indicated to him the statements made by the plaintiff; but we fail to see the force of what is said.   The question is not what the grand recorder would have thought, nor what the financier may have thought; it is simply as to what plaintiff was justified in thinking in view of the communication to the officer of facts within her knowledge, which at that time were the real facts as affecting the validity of the certificate.   In other . words, did the plaintiff communicate the facts to the defendant order, through its proper officer, and receive from him an assurance that the certificate would be continued in force if she continued to pay dues? We entertain no doubt that there was ample evidence to support the finding by the jury that the fraud in the issuance of the certificate, so far as the false statements by Parsons at the time it was issued were concerned, had been waived.

We ought, perhaps, to refer to another contention of counsel, which strikes us as rather more ingenious than plausible.   It is based on evidence, not heretofore referred to, that at the time the original certificate was issued the lawful wife of Parsons was not Ada H. Parsons at all, but one Tamar Parsons, whose testimony tends to show that they were married prior to the issuance of the first certificate, and that this marriage was not dissolved until some time after the issuance of the second, and that, therefore, there was another fraudulent representation made by Parsons, the falsity of which never came to the knowledge of the defendant association until after the death of Parsons, and we are asked to believe that it was this divorce of which .plaintiff learned, and to which she

referred when she made her statement to the financier. Whatever the fact may be as to this matter, we think it can be of no importance in this case. Parsons may have had other matrimonial complications which were not brought to the attention of the association. So far as that matter goes, there is no evidence in this record that there ever was an Ada H. Parsons, or that the marriage with her, if one existed, was ever terminated by divorce. It is enough to say that this plaintiff, so far as the record shows, stated correctly to the financier that the prior marriage was terminated by divorce, and that she was the then lawful wife. This information was sufficient to give rise to an estoppel as to any claim of fraud based on the contention that plaintiff was not the lawful wife of Parsons when the second certificate was issued. If any other fraudulent representation was involved in what Parsons said or wrote to the grand secretary when the certificate was changed, such fraud has not been established by any evidence. For that matter, it does not appear in this record that the statement made to the grand recorder with regard to the divorce was false. As Parsons was evidently a wandering character, of uncertain domicile, the evidence introduced to the effect that he had not secured a divorce in either of the two particular counties in Iowa would be by no means conclusive. For anything that appears, he may have had a wife Ada H. Parsons, and he may have had a divorce from her before the second certificate was issued. The whole matter was properly submitted to the jury, and we do not find that the verdict was in this respect without support in the evidence.

IV. Plaintiff offered to read to the jury parts of certain depositions, and objection was made on the ground that the whole deposition must be introduced. The

4. DEPOSITIONS: offer of part only; reversible error.

action of the court in overruling this objection is not sufficient ground for reversal. In the first place, it is made to appear by appellee's

amended abstract that the other portions of the depositions were wholly immaterial and inadmissible in this case. But, without regard to this, it is sufficient to say that the defendant had the opportunity of introducing the other portions of the depositions, and was not prejudiced by the ruling of the court. It may very well be that we would have sustained the action of the trial court as against any complaint of plaintiff had the court refused to allow portions of the depositions to be read without offering to read the balance (see *Walkley v. Clarke*, 107 Iowa, 451); but such a conclusion would not be inconsistent with the position which we now take that there could have been no prejudice to the defendant in the action of the court in admitting the parts of the depositions offered.

V.   Objection was made to the introduction in evidence by plaintiff of the decree of divorce rendered against Frank H. Parsons in favor of Tamar Parsons, on

5. EVIDENCE: admission of decree only.

the ground that the plaintiff did not offer the entire record in the case, including the pleadings. We do not understand that a decree duly authenticated, offered for the purpose of establishing the granting of a divorce, must be accompanied with a transcript of the entire record of the case likewise authenticated. It is true that for some purposes the pleadings in the case are part of the record, but a duly authenticated decree is a specific item of evidence, admissible in itself. See Code, sections 4644, 4645.

VI.   The court allowed plaintiff interest at six per cent. on the amount of the certificate from ninety days after the death of Parsons. Counsel for appellant think

6. ALLOWANCE of interest: tender.

that, as plaintiff was not a resident of the state, and tender of the amount of the certificate could not have been made to her in this state, no such interest should have been allowed. No authority is cited in support of such a proposition. The defendant was insisting throughout that it was not liable under the

certificate, and we are certainly not warranted in entertain-
ing the presumption that, if plaintiff had been in the state,
the money would have been paid.    The judgment is, how-
ever, conceded to be erroneous in that interest thereon is
specified to be at eight per cent.    Counsel agree that this
provision must have been inserted through inadvertence.
The judgment will be modified so that the rate of interest
shall be six per cent.    As the attention of the lower court
was not called to the error, no costs on account thereof
will be taxed to appellee.    As modified, the judgment is
AFFIRMED.