BETTY MARCUS and Another v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

October 23, 1914.

Nos. 18,876—(22).

**Mutual benefit. insurance — issues involved.**

1. The pleadings in this case raise the question of waiver of nonpayment

[1] Reported in 149 N. W. 197.

of assessments, of waiver of a law of the order requiring members of a dissolved council to take certain steps to preserve their membership, and waiver of proofs of death.

### Expulsion of member — burden of proof.

2. Defendant notified deceased that she was expelled from membership and her certificate cancelled, and that no further assessments would be received from her. The burden is on the defendant to prove that its repudiation of its contract was rightful. Its assertion of due expulsion in its notice of repudiation of membership furnishes no evidence of expulsion, even though the plaintiff offers the notice of repudiation in evidence.

### Same — tender of assessments.

3. After such notice, no further tender of assessments by deceased was necessary to keep her certificate in force. Her obligation to the defendant was not thereby discharged. The conduct of defendant simply waived payment of assessments at the time stipulated in the contract. Under such circumstances, if the member stands on the contract and seeks to enforce it, he must discharge his obligation of payment as a condition to such enforcement, and, should the society change its attitude and again recognize the contract, the member must continue to discharge the obligations of the contract if he would continue it in force.

### Waiver by conduct.

4. The conduct of defendant in repudiating the contract of deceased relieved her from making application to join another council on dissolution of the council to which she belonged, and waived the requirement that plaintiffs make proofs of death and of their claim on blanks to be furnished by defendant.

### Action by deceased not a bar to this action.

5. The bringing of an action by deceased for damages for breach of contract, in the absence of proof that judgment was entered or some benefit received by deceased or some detriment suffered by defendant, does not bar an action by the beneficiaries of deceased to recover under the term of the contract.

Action in the district court for Ramsey county to recover $2,000 upon defendant's policy or certificate of insurance upon the life of Getal Segal. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiffs for the amount demanded. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*William G. White,* for appellant.
*A. J. Hertz* and *James E. Markham,* for respondents.

HALLAM, J.

1. This action is brought to recover the face of a beneficiary certificate issued by defendant to one Getal Segal. Defendant interposed an answer, an amended answer, and an amendment to the amended answer. The first amended answer alleged that in April, 1910, deceased was tried upon charges before the national executive committee of the order and was expelled from the order and her beneficiary certificate cancelled, and that she acquiesced in the judgment of expulsion. The amendment to the amended answer alleged that in April, 1910, the local council to which she belonged was dissolved and its charter forfeited; that the laws of the order provide that when a local council is dissolved, any member thereof desiring to retain his membership must within 60 days make application for a national council card, and present said card to some local council and be admitted as a member thereof; that deceased failed to do this; that after April, 1910, she paid no assessments; that the laws of the order provide for notice of proofs of death and of the claimant's rights upon blanks furnished by the national secretary of defendant, and that plaintiffs made no such proofs of death.

Plaintiffs replied, alleging that the charges preferred were false and were made for the purpose of avoiding defendant's obligation to deceased and to plaintiffs; that deceased was never permitted to answer said charges nor to be heard thereon, and that the alleged trial was arbitrary, unauthorized, oppressive and void; that defendant waived the provisions of the laws of the order requiring proofs of death or presentation of claim, and took and maintained the position that the contract of deceased was terminated by reason of the pretended expulsion.

The laws of the order do require the prompt monthly payment of assessments. It is admitted deceased paid none between April and the time of her death in November, 1911. They require a member of a dissolved council to take the steps alleged to preserve his member-

ship. It is admitted that she did not do so. And they require proofs of death and of claimant's claim upon blanks furnished by defendant. It is admitted no proofs were made. Plaintiffs claim the facts alleged in the answer constitute a waiver of all of these provisions. Defendant contends that they are not pleaded as a waiver of any default, except that arising from failure to make proofs of death. We do not agree with this contention. The allegation of the unauthorized repudiation of the contract is general and may be regarded as responsive to all the defenses alleged in the answer.

2. The failure of deceased to pay any assessments from April, 1910, to the time of her death, would naturally forfeit her membership unless excused. It appears, however, that after the alleged trial, and on April 22, 1910, the national secretary of the order notified deceased that she had been expelled and advised her that no further payments would be received from her. Although this alleged expulsion lay at the bottom of all the controversies between these parties, and was the only defense alleged in the original answer, strangely enough, no attempt was made to prove it on the trial.

Defendant contends the burden is on plaintiffs to show that its refusal to recognize the membership of deceased was wrongful. The law is otherwise. Forfeitures are never presumed and must be proved by the person asserting them. Cornfield v. Order Brith Abraham, 64 Minn. 261, 66 N. W. 970; Kulberg v. National Council of Knights and Ladies of Security, 124 Minn. 437, 145 N. W. 120.

Defendant further contends that inasmuch as the letters notifying deceased of the repudiation of her membership were offered in evidence by plaintiffs, plaintiffs are bound by the statements made in them that deceased was duly expelled from the order and her certificate cancelled. Clearly this is not the law. The expulsion of deceased cannot be proved by defendant's assertion of it. Where an insurance society repudiates the contract of one of its members and makes a declaration in writing of its repudiation, its own assertion in such writing that its conduct was rightful, furnishes no evidence in its favor to that effect.

The result is, the court is obliged to regard the refusal of defend-

ant to accept further payments from deceased as wrongful, and as an inexcusable breach of the contract between them.

3. The defendant having clearly indicated its intention to refuse to receive from deceased any further assessments or to recognize her membership in any manner, the subsequent tender of assessments was not necessary to keep her certificate in force. Ibs v. Hartford Life Ins. Co. 121 Minn. 310, 319, 141 N. W. 289; Kulberg v. National Council of Knights and Ladies of Security, 124 Minn. 437, 145 N. W. 120; Guetzkow v. Michigan Mut. Life Ins. Co. 105 Wis. 448, 81 N. W. 652; Byram v. Sovereign Camp, Woodmen of World, 108 Iowa, 430, 79 N. W. 144, 75 Am. St. 265.

Defendant's counsel argues at length that the governing body of the defendant society had no power to waive the payment of assessments by deceased. He predicates his argument on the assumption that the effect of such waiver was to permanently excuse deceased from future payment of assessments, and nevertheless keep her certificate in force. If the effect were as counsel assumes, then his argument would doubtless be well founded. But it is not. The action of the society did not relieve the deceased of her obligation to pay assessments. Even repeated tenders of all assessments as they became due would not affect this result. Tender never discharges an obligation. It simply excuses the person owing it from the consequences of failure to make payment at the time the contract requires. The declaration of a beneficiary society that it will not receive further payments from a member, simply excuses the member from payment at the time and in the manner required by his contract, but if he stands on his contract and seeks to enforce it, he must discharge his obligation of payment as a condition to such enforcement. If the member acquiesces in the repudiation of the contract by the society, then he loses all rights under it, for a repudiation of a contract by one party, acquiesced in by the other, is tantamount to a rescission. See Marcus v. National Council of Knights and Ladies of Security, 123 Minn. 145, 143 N. W. 265. On the other hand, should the society change its attitude and again recognize the contract as a valid and subsisting one, then the member must continue to discharge the obligations it imposes on him if he would have it continue

in force.   Langnecker v. Trustees of Grand Lodge A. O. U. W. of Wis. 111 Wis. 279, 283, 87 N. W. 293, 55 L.R.A. 185, 87 Am. St. 860.   If the beneficiaries of the member sue on the contract after the member's death, they must make good the member's obligations by payment of all dues and assessments, or suffer a deduction of the amount thereof from their recovery.   Kulberg v. National Council of Knights and Ladies of Security, 124 Minn. 437, 145 N. W. 120. In this view of the nature and effect of the conduct of defendant's officers as a waiver, there can be no more doubt of their power to waive prompt payment in such a case as this than in a case where payment is made one day after it becomes due.

4. This conduct in attempting to terminate her membership likewise excused deceased from attempting to comply with the law of the order which requires a member, when his council is dissolved, to make application within 60 days for a transfer card to some other council and obtain admittance as a member thereof.

The conduct of defendant in repudiating the membership of deceased likewise excused the default of plaintiffs in failing to submit proofs of death.   It is well settled that a disavowal of liability by the insurer, on other grounds, after death of the alleged member, dispenses with the necessity of making proofs of death.   2 Bacon, Ben. Soc. & Life Ins. § 413; Alexander v. Grand Lodge, A. O. U. W. 119 Iowa, 519, 93 N. W. 508.   It is likewise the law that, if the insurer during the lifetime of the insured declares a forfeiture of the insurance contract and continues its disavowal of the contract up to the time of death of the deceased, such action on its part amounts to a waiver of the provisions of the contract requiring proofs of death.   Equitable Life Assur. Soc. v. Winning, 58 Fed. 541, 7 C. C. A. 359.

5. Copy of a summons and complaint was left with the insurance commissioner purporting to be in a suit brought by Getal Segal against this defendant to recover damages for breach of the insurance contract.   Defendant contends that this conduct was an election by her to choose that particular remedy and to bar the right of recovery on the part of the plaintiffs in the present action.   The jury, under instructions from the trial court, found that no action was

ever in fact commenced. Whether the evidence sustains this finding we need not stop to inquire, for if such an action was commenced it was no bar to this one. We are not favored with the facts as to the disposition made of this action claimed to have been commenced over four years ago, but it is clear that we cannot assume either that it resulted in a judgment in favor of the plaintiff or that the plaintiff derived any benefit therefrom or defendant suffered any detriment. The rules governing cases of this sort are well settled. A person may have two courses open to him to redress a single wrong, but he can never have double redress. The two courses may be so inconsistent that the choice of one is an irrevocable waiver of the other as soon as the choice is made, as, where property is taken in proceedings instituted without jurisdiction, the owner may repudiate the proceeding or appear in it and assert his rights. The latter course waives beyond recall the right to question jurisdiction. Rheiner v. Union Depot, Street Ry. & T. Co. 31 Minn. 289, 17 N. W. 623. See Pederson v. Christofferson, 97 Minn. 491, 496, 106 N. W. 958. In order that the commencement of an action which is not prosecuted to judgment and which results in no benefit to plaintiff or detriment to defendant, shall have the effect to bar any other remedy the plaintiff may have, the remedies must proceed from opposite and irreconcilable claims of right, and must be so opposite or inconsistent that a party cannot logically assume to follow one without renouncing the other. Bowen v. Mandeville, 95 N. Y. 237; Mills v. Parkhurst, 126 N. Y. 89, 26 N. E. 1041, 13 L.R.A. 472; Stier v. Harms, 154 Ill. 476, 40 N. E. 296; Patterson v. Swan, 9 Serg. & R. (Pa.) 16; Morris v. Rexford, 18 N. Y. 552, 557. But a party may have alternative remedies which are not so inconsistent. An example of this is the alternative right to bring action for damages for breach of contract or demand full or specific performance. These remedies are both predicated on the existence of the contract, and the mere commencement of one will not be a bar to the other. Connihan v. Thompson, 111 Mass. 270; Slaughter v. La Campagnie Francaises Des Cables Tel. 119 Fed. 588, 57 C. C. A. 19; see Bitzer v. Bobo, 39 Minn. 18, 38 N. W. 609; Spurr v. Home Ins. Co. 40 Minn. 424, 42 N. W. 206; Johnson v. Town of Clontarf, 98 Minn. 281, 108 N.

W. 521. This is the principle applicable to the facts of this case. The remedy on the contract to recover the amount of the insurance and that for damages for the breach of the contract are both in affirmance of the contract. · They are alternative remedies but not inconsistent. Both cannot be carried to judgment and satisfaction, but the mere commencement or pendency of one is not a plea in bar in the other.

Order affirmed.