JOSEPHINE MOREAULT v. NORTHWESTERN SAND BLAST COMPANY AND OTHERS.[1]

January 22, 1937.

No. 31,126.

*Durham & Swanson,* for relator.
*John E. Mullen,* for respondent.

Hilton, Justice.

*Certiorari* to review an order of the industrial commission awarding compensation to respondent for the death of her son.

On May 20, 1932, A. F. Peavey, engaged in the business of cleaning buildings under the name of the Northwestern Sand Blast Company, and D. J. Garant, engaged in a similar business under the name of the Garant Caulking & Cleaning Company, by an oral agree-

[1]Reported in 271 N. W. 246.

ment formed a partnership in which they combined all their assets and continued the same type of business. There is a dispute as to whether they continued the business under both the trade-names formerly used or under only the name of the Northwestern Sand Blast Company. An account was opened in a bank under the latter name. Peavey was the only one authorized to draw checks against it. All of the partnership bills apparently were paid from this account. The commission found that the business was continued in the name of the Northwestern Sand Blast Company. It was a fact question. There was sufficient evidence to support that finding.

On or about December 15, 1931, before the partnership had been formed, Garant obtained in his own name a contract to clean the outside of the post-office building at Cedar Rapids, Iowa. This work was not started until after the partnership had commenced. On September 6, 1932, the Royal Indemnity Company, insurer and the relator here, issued a policy of compensation insurance to "A. F. Peavey, doing business as Northwestern Sand Blast Company." The decedent, Frank Moreault, was injured on the Cedar Rapids job on October 31, 1932. Six days later he died from the injuries so received. The Royal Indemnity Company paid the usual funeral expenses and also compensation to the decedent's mother for 126 weeks. After an audit, which determined that the indemnity company was entitled to more premium for the policy issued, the compensation payments were discontinued as a result of a claim by Peavey, from whom the additional premium was asked, that he had nothing to do with the Cedar Rapids job. The insurer now claims that it insured only A. F. Peavey in his individual capacity and not the Northwestern Sand Blast Company and all employes working under that firm name.

It is argued that the Northwestern Sand Blast Company merely was a trade-name used by the partnership and was not an insurable legal entity. It is urged that the name was descriptive only. The insurer in issuing its policy recognized the name set out on the policy. Even though the risk was an "assigned" one—i. e., the occupation insured was extra-hazardous work, and under our statute,

L. 1929, c. 237, 3 Mason Minn. St. 1934 Supp. §§ 3634-1 to 3634-5, insurance companies are compelled to divide such risks—the name itself, the Northwestern Sand Blast Company, was not necessarily "assigned" as part of the policy.

Under 2 Mason Minn. St. 1927, § 9180, it is provided that when two or more persons transact business as associates under a common name "they may be sued by such common name." In Cornfield v. Order Brith Abraham, 64 Minn. 261, 263, 66 N. W. 970, 971, the defendant, Order Brith Abraham, urged as a defense to an action on an insurance policy issued by it that it was only a voluntary and unincorporated association of individuals. This court there recognized that the group could contract even under its common name and that it was "wholly immaterial whether it is a corporation or a mere voluntary association" and that by virtue of the above cited statute the group could be sued in its common name. For similar reasons, either Peavey or Garant could contract for compensation insurance on behalf of their firm to protect all the employes of the partnership.

In Lipschitz v. Hotel Charles, 252 N. Y. 518, 170 N. E. 127, Lipschitz, sole lessee of the Hotel Charles, entered into a partnership with two other men for the operation of it. A policy of compensation insurance was issued to Lipschitz personally. Subsequently an employe of the hotel was killed. The insurer contended that it was not liable as it had insured only Lipschitz, and the deceased was an employe of the partnership. The court of appeals affirmed the decision of the lower court, 226 App. Div. 839, 840, 234 N. Y. S. 513, holding the insurer liable, wherein it was stated: "The name of the insured in the policy is not always important if the intent to cover the risk is clear."

So here the intent certainly must have been to cover all the employes of the Northwestern Sand Blast Company, especially when it is considered that the insurer was bound to know that the partnership could contract for such insurance, as well as to be sued in its own name, as provided by 2 Mason Minn. St. 1927, § 9180. The premium asked could hardly have been computed on the basis of the number of employes of the Northwestern Sand Blast Com-

pany remaining static, as here indicated by the insurer, for it varied greatly even when Peavey was conducting the business alone. It was apparent that at times very few or no one at all would be employed, while at other times many men might be working. The weather, the time of the year, the number of contracts, all were influencing factors in this respect. The insurance must have been issued with the thought in mind that all employes, regardless of number, were to be covered. The partnership was formed before the policy was issued. The first premium apparently was paid from the partnership account. A diligent inquiry undoubtedly would have developed the true situation, if actually it was unknown to the insurer.

The order is affirmed.